**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **ERIK COOPER** | ) | |
| | ) | **No. 3:22-cv-00124-DCLC-JEM** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BLUM COLLINS, LLP,** | ) | |
| **STEVEN AARON BLUM, and** | ) | |
| **CRAIG MICHAEL COLLINS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS

Defendants Blum Collins, LLP, Steven Aaron Blum, and Craig Michael Collins

(collectively "Defendants"), by and through counsel, pursuant to Rules 12(b)(1)-(3) and (5) of

the Federal Rules of Civil Procedure, submits their Memorandum of Law in Support of Motion

to Dismiss of Defendants.[1]

## I.     INTRODUCTION

Plaintiff Erik Cooper ("Plaintiff") filed this diversity jurisdiction lawsuit for breach of

contract and various torts against the Defendants on April 11, 2022.  Defendants specially appear

in this matter to move to dismiss this case for lack of personal jurisdiction under Fed. R. Civ. P.

---

[1]     Plaintiff's attempts to default the Defendants are without merit and will be addressed by separate response in opposition.  In short, Plaintiff claims to have effected service on April 26.  This is false.  As shown in the response in opposition to be filed after this first responsive pleading, the time period for filing this Motion has not expired.  Defendants' responsive pleading would not be due at the earliest until May 27 assuming service was somehow proper under Cal. Code Civ. Pro. § 415.20(b) which adds 10 days to any service by mail.   They have chosen to file early to respond to Cooper's misstatement of the law.

12(b)(2), or alternatively, lack of subject matter jurisdiction,  improper venue, and insufficient service of process under Fed. R. Civ. P. 12(b)(1),  (3) and (5), (g), and (h)(1).  *See Blessing v. Chandrasekhar*, 988 F.3d 889, 898 (6th Cir. 2021) ("Rule 12 . . . states that  a defendant must raise the defenses of lack of personal jurisdiction, improper venue, improper process, and improper service of process in a pre-answer motion or answer, whichever is filed first, or the defense is waived," *citing* Fed. R. Civ. P. 12(h)).[2]

After being ordered by a California state court of competent jurisdiction (in a case that Plaintiff Cooper filed there) in a final judgment to arbitrate his disputes with the Defendants, and arbitrating and losing, Plaintiff Erik Cooper sues again in this court asserting claims now barred by *res judicata* and claim preclusion.  He does so against Defendants over whom this Court lacks personal jurisdiction.

Plaintiff Cooper cannot establish personal jurisdiction over Defendants in Tennessee. Defendants have insufficient contacts in Tennessee for *in personam* jurisdiction, and thus Defendants deserve to have this case in Tennessee dismissed for lack of personal jurisdiction.

Plaintiff Cooper also cannot establish subject-matter jurisdiction for two reasons. First, Plaintiff has filed multiple declarations under oath swearing he is a resident of California, as are Defendants, so there is no diversity jurisdiction. Second, there is no dollar amount in controversy between the parties that exceeds the jurisdictional minimum. The arbitrator ruled that Defendants owe Plaintiff nothing, but Plaintiff owes Defendants about $33,000.

---

[2]      Fed. R. Civ. P. 12(b) states:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
**(1)** lack of subject-matter jurisdiction;
**(2)** lack of personal jurisdiction;
**(3)** improper venue . . .

Finally, assuming hypothetically that personal jurisdiction and subject-matter jurisdiction existed, and even if there were something to litigate on the merits,[3] Tennessee is an improper venue because:

- all the evidence and witnesses in this proceeding are in Los Angeles County, California – including Plaintiff Cooper, who resides there;
- the parties agreed when they signed an agreement in California that California law would govern their dispute; and
- Plaintiff Cooper initiated a state court lawsuit in California that led to him being ordered to arbitrate his disputes with Defendants (which Plaintiff Cooper did unsuccessfully). The judgment in Plaintiff Cooper's California state court lawsuit is now final and unappealable.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.  Defendants Reside and Do Business in California

Defendants are two attorneys who are California residents and their small law firm in Los Angeles, California.  Declaration of Steven A. Blum ("Decl. Blum") (attached hereto as Exhibit 1), ¶ 1, Declaration of Craig M. Collins ("Decl. Collins"), ¶ 1 (attached hereto as Exhibit 2). Defendants live in California. They do not reside in Tennessee. They have never resided in Tennessee. Decl. Blum, ¶ 2, Decl. Collins, ¶ 2.  They do not conduct business in Tennessee or own material assets in Tennessee, and never have.  Decl. Blum, ¶¶ 4, 6, Decl. Collins, ¶¶ 4, 6. Neither has ever been admitted to practice law in Tennessee, and no member or lawyer at their small Los Angeles law firm has been admitted to practice law in Tennessee.  Decl. Blum, ¶¶ 4-6, Decl. Collins, ¶¶ 4-6.  They do business in California, where both individuals are admitted to practice by the California State Bar. Defendants Blum and Collins, and their law firm Blum Collins LLP, have practiced law exclusively in California since 2004. Their practice focuses

---

[3]     There is nothing to litigate on the merits because this dispute was already subject to a binding arbitration pursuant to the agreement between the parties, *see* Decl. Blum, Decl. Collins, ¶¶ 16-19, 22-23, Exhs. E, F.

largely on real estate litigation in California courts on behalf of California clients.  Decl. Blum, ¶¶ 4-7, Decl. Collins, ¶¶ 4-7.

### B.  The Woolsey Fire in Southern California

In November 2018, a large fire known as the Woolsey Fire raged through the Malibu area of Los Angeles County, California, destroying over 1,000 homes.  Decl. Blum, Decl. Collins, ¶ 8.  Defendants sought to publicize and market their legal services to the many individuals in California who had lost homes.  Decl. Blum, Decl. Collins, ¶¶ 8-9.

### C.  Defendants' Prior Interactions with Plaintiff (All in California)

At a dinner in a Los Angeles restaurant with a nonlawyer business acquaintance assisting Malibu fire victims with insurance claims adjustment, the acquaintance described Plaintiff Cooper's background and recommended that Defendants hire Plaintiff Cooper as a potential marketing consultant in connection with the Woolsey Fire case. Defendants were told that Plaintiff Cooper had some marketing experience that would relate to assisting Defendants in Los Angeles County.[4]

Plaintiff Cooper met with Defendants in their Los Angeles office.  Decl. Blum, Decl. Collins, ¶¶ 9-10.  Plaintiff informed Defendants he had a Beverly Hills office, Decl. Blum, Decl. Collins, ¶ 11, and he provided them with a written proposal/agreement to govern their interactions, which provided that it was "subject to the laws of the State of California," and that "Any disputes arising out of this Agreement between the parties will be resolved through binding arbitration with the American Arbitration Association in Los Angeles County, California, using a single arbitrator."  Decl. Blum, Decl. Collins, ¶¶ 11-12 & Exhibit ("Exh.") A (Addendum, ¶¶ 5, 7). The agreement was for the period from January 1, 2019 to June 30, 2019.

Plaintiff Cooper signed the agreement first and sent it to Defendants. Defendants Blum and Collins signed this agreement in Los Angeles.  Decl. Blum, Decl. Collins, ¶ 13.  In signing

---

[4]     Plaintiff Cooper is an individual. There is no legal entity known as Acuity Consulting Services. As Cooper himself has pointed out, he "…is an individual who operates a sole proprietorship business, ACUITY CONSULTING SERVICES ("Acuity")."  Decl. Blum, Exh. G at 3, ¶ 12.

this agreement, Defendants contemplated that Plaintiff Cooper would arrange and advertise public information seminars in Los Angeles County to educate fire victims of their legal rights. State fire authorities soon launched an investigation into the cause of the wildfire, and Defendants Blum and Collins (and other lawyers) soon suspected that the electrical utility company (i.e., Southern California Edison) sparked the fire that caused over 1,000 homes to be lost. This meant that a short statute of limitations governed, creating an urgent situation where over 1,000 families—all of whom were preoccupied with rebuilding, relocating, etc.—had to be informed that they had a possible legal claim, that the time to sue was expiring, and that they had better interview lawyers and hire the best ones to represent them. For lawyers willing to help these fire victims, communicating with them was made difficult by the fact that many fire victims had moved elsewhere out of necessity and there was no way to deliver mail to their now nonexistent or severely damaged homes. Multi-media communication and in-person seminars were necessary, and Plaintiff Cooper was recommended to Defendants, by someone whom Defendants trusted, as a person who could assist Defendants in doing so. Decl. Blum, Decl. Collins, ¶ 9.

This recommendation was a poor one. Instead, as both Defendants Collins and Blum attest,

> Shortly after we engaged Mr. Cooper, we realized it was a mistake. He was incapable of assisting us in any meaningful way. . . . Although Mr. Cooper did little or no work for us, he tried to extract over $700,000.00 from us in exchange for promising not to spread false and defamatory statements about us to the court in California and our peers. We refused to pay.

Decl. Blum, Decl. Collins, ¶ 15.

To establish that Plaintiff Cooper was not owed anything, in November 2020, Defendants initiated arbitration in Los Angeles County, California with the American Arbitration Association under the written Agreement which contained the binding arbitration clause. Decl. Blum, ¶ 16 & Exh. B.

**Plaintiff Cooper's first bite at the apple:** Plaintiff Cooper sought to avoid the arbitration clause and forum-selection clause in the written Agreement he had prepared. He made

a specious claim to the California State Bar that Defendants Blum and Collins had violated State Bar ethical rules. Plaintiff Cooper argued throughout the lawsuits and arbitration to date that he believed (erroneously) that Collins and Blum had violated an ethical rule, that the Agreement which the parties had signed was "illegal" and unenforceable as a result, and that Cooper would be relieved from the arbitration clause and forum-selection clauses in the Agreement he had drafted and signed. The State Bar conducted an inquiry and found no violation, and on April 15, 2021, the State Bar closed its investigation taking no action. Decl. Blum, ¶ 17.

**Plaintiff Cooper's second bite at the apple:** A few days later, on April 26, 2021, Plaintiff Cooper filed suit in California state court against Defendant Blum Collins contending that the Agreement which he had prepared, and the parties had signed was "…not legally valid, binding or enforceable…" Decl. Blum, Exh. G at 2, ¶ 6. Plaintiff Cooper sought declaratory and injunctive relief to block the arbitration from continuing.

In his California state court lawsuit, Plaintiff Cooper aggressively asserted his claims that the arbitration clause was invalid. He asserted his facts and law in three *ex parte* applications, on April 28, 2021, June 21, 2021, September 9, 2021; two motions to stay arbitration, on June 1, 2021, September 9, 2021; and after he lost those, in two similarly unsuccessful motions for reconsideration, on June 21, 2021 and October 12, 2021. Decl. Blum, ¶ 31.

Defendant Blum Collins moved in Los Angeles County Superior Court to compel Cooper to submit to arbitration on August 20, 2021. *See* Decl. Blum, ¶ 32 & Exh. G at 21-36. Cooper opposed the motion. The Court rejected Plaintiff Cooper's various arguments that the Agreement containing the arbitration clause was void for fraud, etc. The Court noted that "…Plaintiff [Cooper] voluntarily submitted to arbitration, and proceeded to court after the arbitrator had already issued substantive rulings that did not favor Plaintiff [Cooper]." Decl. Blum, Exh. G at 30 (Ruling at 10). The Court granted Defendant Blum Collins' motion to compel arbitration, and entered judgment against Plaintiff Cooper. Decl. Blum, Exh. G at 33-36. In its Ruling, the Court held: "The court orders plaintiff Erik Cooper dba Acuity Consulting Services and defendant Blum Collins LLP to arbitrate their pending controversy." Decl. Blum, Exh. G at 31 (Ruling at

6

11). This order is now final and unappealable. Decl. Blum, ¶ 31. This order still stands. In other words, Cooper is still subject to a valid, final order of a court of competent jurisdiction that he must arbitrate his disputes. His only choice now is to arbitrate his disputes. Instead of appealing that final order, Plaintiff Cooper filed this Tennessee federal court action to attack the final judgment from another jurisdiction.

**Plaintiff Cooper's third bite at the apple:** Throughout the arbitration, Plaintiff Cooper argued several times he wasn't obligated to arbitrate because he believed the Agreement between the parties which contained the arbitration clause was invalid. The arbitrator repeatedly heard, considered, and rejected these arguments. Decl. Blum, ¶ 18.

Plaintiff Cooper filed a counterclaim in the arbitration seeking the same $700,000+ that he seeks here. Defendants successfully moved to dismiss his counterclaim. Decl. Blum, ¶¶ 22, 23 & Exhs. E, F. The arbitration between these parties concluded and the arbitrator issued a final award on December 28, 2021. Cooper did not challenge the validity of the final award in court.

### D. Plaintiff's Complaint in Tennessee

Dissatisfied with the ruling obtained in the arbitration and the ruling dismissing his California state court action, Cooper seeks another bite at the apple. On April 11, 2022, he filed the present action in Tennessee. Cooper attempts in this case to allege that he is a resident of Tennessee, not California, even though just one week after filing this suit (on April 18, 2022) Plaintiff Cooper filed multiple declarations under oath in California litigation swearing he is a resident of Los Angeles County. *See* Doc. 6-1, Page ID #62, ¶ 2, Decl. Blum, Exh. F.

## III. PLAINTIFF CANNOT ESTABLISH *IN PERSONAM* JURISDICTION UNDER FED. R. CIV. P. 12(b)(2)

### A. Standard of Review

The U.S. Supreme Court has made clear that "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). The burden of establishing personal jurisdiction over Defendants falls on the Plaintiff. *Third Nat'l Bank v.*

7

*WEDGE Group Inc.,* 882 F.2d 1087, 1089 (6th Cir. 1989), *cert. denied,* 493 U.S. 1058 (1990); *Wiggins v. Jedson Eng'g, Inc.*, No. 1:19-CV-00354-DCLC-CHS, 2020 U.S. Dist. LEXIS 225773, at \*3 (E.D. Tenn. July 6, 2020).

"Personal jurisdiction … is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999). Whether this Court has personal jurisdiction over the Defendants is a question of law under the due process clause of the U.S. Constitution subject to *de novo* review by the Sixth Circuit. *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003). To determine if jurisdiction exists, consistent with the U.S. Supreme Court's established "traditional conception of fair play and substantial justice," *see International Shoe Co. v. Washington,* 326 U.S. 310, 320 (1945), this Court is to analyze whether a defendant "'is amenable to service of process under the forum state's long-arm statute'" and whether the exercise of jurisdiction "'would not deny the defendants due process.'" *Id., quoting Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). In Tennessee, where the state's long-arm statute has been interpreted as reaching to the limits of the due process clause, "the two inquiries are merged." *Bridgeport Music, Inc.*, 327 F.3d at 477, *citing Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996).

When, in response to a pleading, defendants move to dismiss for lack of personal jurisdiction supported by affidavits, the plaintiff cannot simply rely upon his complaint but must by affidavit or otherwise set forth specific facts showing that the court has jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1354, 1358 (6th Cir. 1991). Since Defendants have filed affidavits and other evidence here, Plaintiff Cooper must offer competent evidence.

Personal jurisdiction can be general or specific. General jurisdiction exists when a defendant's contacts with the jurisdiction are of such a "'continuous and systematic' nature" that the court may exercise jurisdiction over the defendant even for unrelated conduct. *Third Nat'l Bank v. WEDGE Group, Inc.*, *supra,* 882 F.2d at 1089, *citing Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437 (1952). When the defendant is an individual, "the paradigm forum for the

exercise of general jurisdiction is the individual's domicile[.]" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Defendants Blum and Collins have never lived or worked in Tennessee. Defendants have never done business in Tennessee. Defendants do not own material assets in Tennessee. Defendants do not have continuous and systematic contacts with Tennessee. Defendant Blum Collins LLP is a Los Angeles-basesd law firm that does not conduct business or own assets in Tennessee, and never has.

Plaintiff has not provided evidence that Defendants' contacts with Tennessee are "continuous and systematic," and he could not do so as Defendants reside and do business in California as members of the California Bar representing California residents and entities– usually, as in this case, regarding California real estate matters– in California state and federal court.[5] The Court cannot exercise general jurisdiction over the Defendants.

### B.  There Is No Specific Jurisdiction Over Defendants

#### 1.  Defendants did not "purposefully avail" themselves of the privilege of acting in Tennessee.

The Court also lacks specific personal jurisdiction because Defendants did not purposefully direct any alleged conduct toward Tennessee. The Sixth Circuit's test for specific jurisdiction comporting with due process was set forth in *S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968):

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

---

[5]      While Blum Collins maintains a website, it is not "interactive to a degree that reveals specifically intended interaction with the residents of the state." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002); *see also Bird v. Parsons, supra*, 289 F.3d at 874-875 (finding that website which invited Ohio residents to register their domain names with it to be a basis for jurisdiction).  Rather, Blum Collins' website is not interactive at all, and does not even have a "Contact Us" webform. Decl. Blum, ¶ 33. "[M]aintain[ing] a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction." *Bird v. Parsons*, 289 F.3d at 874; *see also Hilani v. Greek Orthodox Archdiocese of Am.*, 863 F. Supp. 2d 711, 722 n. 37 (W.D. Tenn. 2012) (same).

As developed further below, none of the three Defendants meet these three prongs.

None of the Defendants "purposefully availed [themselves] of the privilege of acting in the forum state or causing a consequence in the forum state."  Specifically, when they tentatively hired Plaintiff to perform marketing services for them in California, they did so for a California state court action based on his presence in California (and his advertisement of a Beverly Hills, California office) so he could market Blum Collins' services to California residents.  None of this had anything to do with Tennessee.

> "Purposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in [the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state], something more than a passive availment of [the forum state's] opportunities." *Neogen Corp. v. Neo Gen Screening, Inc.,* [*supra,*] 282 F.3d 883, 891 (6th Cir. 2002) (internal citation and quotation omitted). "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant *himself* that create a 'substantial connection with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" *Compuserve, Inc.v. Patterson,* 89 F.3d 1257, 1263 (6th Cir. 1996) (*quoting Burger King* [*Corp. v. Rudcewicz,*] 471 U.S. [462,] at 474-75 [(1985)]). The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King,* 471 U.S. at 475 (internal citation omitted); *see also Lak, Inc. v. Deer Creek Enters.,* 885 F.2d 1293, 1300 (6th Cir. 1989). The emphasis in the purposeful availment inquiry is whether the defendant has engaged in "some overt actions connecting the defendant with the forum state." *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1274 (6th Cir. 1998).

*Bridgeport Music, Inc., supra*, 327 F.3d at 478-479.

Plaintiff baldly alleges that "the agreement breached by the Defendants was made and entered into in Sevier County, Tennessee, and the Plaintiffs' [sic] damages occurred in Sevier County, Tennessee" Complaint, ¶ 25, but there is ***no*** evidence that the Agreement was entered into in Tennessee. Plaintiff signed the Agreement first and sent it to Defendants. Defendants signed it in Los Angeles. Decl. Blum, Decl. Collins, ¶ 13. The agreement was formed when Defendants signed it in Los Angeles.  The Agreement provides it is governed by California law. Under California law, a contract is made where the offer is accepted – in this case, Los Angeles,

California.  See *Commercial Cas. Ins. Co. v. Indus. Accident Comm'n*, 242 P.2d 13, 18 (Cal. App. 1952).

The U.S. Supreme Court has held that merely entering into a contract with a forum resident is insufficient to establish minimum contacts in that forum.  *See Burger King, supra*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot") (emphasis in original); *and see Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000) ("We think the district court correctly recognized that the mere existence of a contract between Rowlette and an Ohio citizen for seventeen months is insufficient to confer personal jurisdiction over Rowlette").  The fact that Cooper may have sometimes resided in Tennessee, even if known to the Defendants, was "purely fortuitous."  *See Noval Int'l. Res., LLC v. Andec, Inc.*, 875 F. Supp. 2d 804, 811 (W.D. Tenn. 2012) (refusing to find Tennessee district court jurisdiction even where defendants traveled to Tennessee to negotiate the contract at issue).  Given that Plaintiff advertised a California office, responded to Defendants' calls solely on his Los Angeles telephone number, and was engaged for marketing solely to California residents in connection with a California state case related to a California fire, Decl. Blum, ¶¶ 11, 14, 8-10, there is no reason consistent with "fair play and substantial justice" why Defendants would expect to be haled into court in Tennessee.

A leading Sixth Circuit decision stands for the proposition that when a contract has a forum-selection clause and a choice-of-law clause both designating one forum, this combination of facts alone is sufficient to deprive other forums of jurisdiction. In *Int'l Tech. Consultants, Inc. v. Euroglas, S.A.,* 107 F.3d 386, 393 (6th Cir. 1997) the Sixth Circuit concluded that the combined effect of forum selection clause and choice of law clause designating Swiss law and Berne, Switzerland as the forum was to deprive the Michigan district court of jurisdiction. This was true despite plaintiff's receipt of payments in Michigan and performance of much of its work there, and even though the defendant directed telephone, letter and facsimile communications to the plaintiff in Michigan.  107 F.3d at 394.  *See also Miami Valley Fair*

*Hous. Ctr., Inc. v. Steiner & Assocs.*, No. 3:08-cv-150, 2012 U.S. Dist. LEXIS 164006, *20-*21 (W.D. Ohio Nov. 16, 2012) (finding choice of law clause alone relevant in granting motion to dismiss for lack of personal jurisdiction), *Noval Int'l Res. Inc. v. Andec, Inc., supra,* 875 F. Supp. 2d at 810 (finding out-of-forum choice of law provision relevant in denying jurisdiction).

Here the parties chose California law to govern any disputes they had. They provided for the arbitration of those disputes in Los Angeles, California. The result should be the same as that dictated in the above cases. The Agreement by which the parties conducted themselves specifically stated that "This agreement is subject to the laws of the State of California," *see* Decl. Blum, Decl. Collins, ¶ 11 & Exh. A (Addendum ¶ 5), and that "Any disputes arising out of this Agreement between the parties will be resolved through binding arbitration with the American Arbitration Association in Los Angeles County, California, using a single arbitrator." Decl. Blum, Decl. Collins, Exh. A (Addendum ¶ 7). California, not Tennessee, has jurisdiction.

Defendants were handling cases involving damage to California real estate as the result of a fire in California, Decl. Blum, ¶¶ 8, 9, 30. All of Plaintiff's "services" were directed at California residents. Cooper's unilateral choice to perform some of his services in Tennessee, if he did so, are insufficient to create jurisdiction over Defendants in Tennessee:

> The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'"

*Bridgeport Music, Inc., supra,* 327 F.3d at 478, *quoting Burger King, supra*, 471 U.S. at 475, *and citing Lak Inc. v. Deer Creek Enters., supra,* 885 F.2d at 1300; *see also Dean v. Motel 6 Operating L.P., supra,* 134 F.3d at 1273 (same), *Walden v. Fiore,* 571 U.S. 277, 286 (2014) ("To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction"); *Hanson v. Denckla*, 375 U.S. 235, 253 (1958), *citing International Shoe Co. v. Washington, supra*, 326 U.S. at 319. Any conduct of Plaintiff in working from Tennessee was "unilateral," and entirely irrelevant to the purposes for which Defendants considered engaging the Plaintiff.

Plaintiff is required to counter Defendants' affidavits with an affidavit or other evidence supporting his allegations, *Malone v. Stanley Black & Decker, Inc.,* 969 F.3d 499, 504 (6th Cir. 2020); *Parker v. Winwood,* 938 F.3d 833, 849-850 (6th Cir. 2019). "Zoom" meetings or phone calls which the Plaintiff arranged from Tennessee for his own convenience would ***not*** create minimum contacts by Defendants. *See Int'l Tech. Consultants, Inc., supra,* 107 F.3d at 395 (finding that even a physical meeting in the forum state did not provide a basis for jurisdiction when it occurred "as a 'convenience' to the plaintiff"); *Miami Valley Fair Hous. Ctr., Inc. v. Steiner & Assocs.*, *supra,* No. 3:08-cv-150, 2012 U.S. Dist. LEXIS 164006, *20-*21 (W.D. Ohio Nov. 16, 2012) (more than one ***physical*** meeting ***with the defendants*** did not provide jurisdiction: In case involving jurisdiction over some third-party defendants, the district court wrote, "While an agent of a Third-Party Defendant occasionally visited Ohio, it was merely for the convenience of the Ohio entities, or to tour a model town center in Columbus, Ohio"); *Walden v. Fiore, supra,* 571 U.S. at 286 ("a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction").

## 2. Defendants request an evidentiary hearing.

Since Defendants have proffered affidavits with this Motion, Plaintiff must offer contrary ***evidence*** and cannot simply rest on the allegations of his Complaint, *Malone v. Stanley Black & Decker, Inc., supra,* 969 F.3d at 504; *Parker v. Winwood, supra,* 938 F.3d at 849-850 . Without waiving their special appearance, Defendants respectfully request that the Court hold a preliminary evidentiary hearing in which it weighs the evidence and in which the Plaintiff must demonstrate jurisdiction based on a preponderance of the evidence. *John Welsh & Flo-Start, Inc. v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980). As the Federal Rules of Civil Procedure state, an evidentiary hearing on a motion does ***not*** require the presentation of live testimony, so long as a hearing is held. *See* Fed. R. Civ. P. 43(c); *see also John Welsh & Flo-Start, supra,* 631 F.3d at 439; *Malone, supra,* 965 F.3d at 506 ("Rexon did not request a hearing and the court did not hold one")*; and see Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016) ("an 'evidentiary

hearing' does not automatically involve or require live testimony," *citing, inter alia, Bolt v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 676 (1st Cir. 1992), Fed. R. Civ. P. 43(a), 43(c)).

### 3. Plaintiff's claims do not "arise from" Defendants' supposed contacts with the state of Tennessee.

The "arising from" prong of the *Southern Machine* test is satisfied "when the operative facts of the controversy arise from the defendant's contacts with the state." *Calphalon*, *supra*, 228 F.3d at 723. However, since there are no contacts between Defendants and Tennessee, Plaintiff's claims cannot arise from those nonexistent contacts. *See Dean v. Motel 6 Operating L.P.*, *supra,* 134 F.3d at 1275.

### 4. Exercising jurisdiction over Defendants would not be "reasonable."

The final factor under *Southern Machine* is whether exercising jurisdiction over the defendants would be reasonable. However, where there is no "purposeful availment," and the plaintiff's injury does not "arise from" the defendants' contacts, there can be no jurisdiction, whether it would be reasonable or not. *See Dean v. Motel 6 Operating L.P.*, *supra*, 134 F.3d at 1275. The Sixth Circuit has identified four considerations in addressing the reasonableness of the forum state asserting jurisdiction:

> (1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy.

*Intera Corp. v. Henderson*, 428 F.3d 605, 618 (6th Cir. 2005). These elements favor resolution of the present dispute in California, where it has been litigated and decided.

First, the burden on these three California Defendants, who have no connections with Tennessee, from resolving a dispute over Plaintiff's alleged services to Defendants in California in connection with a California lawsuit over California real estate would be substantial. Second, the interest of Tennessee in resolving a dispute about California on behalf of a dual California and Tennessee resident is minimal. Third, if Plaintiff has a viable interest in obtaining relief, he can do so in California. Fourth, California has a strong interest in assuring the integrity of its judicial and arbitral processes in this case in which Plaintiff has asserted a lien on judgments in

California state court. Further, Plaintiff's Complaint admits that Defendants did not engage in any acts in Tennessee. *Cf. Intera Corp., supra*, 428 F.3d at 619.

For these reasons, the Court lacks *in personam* jurisdiction over the Defendants, and Defendants deserve to have this case dismissed. As a separate and additional grounds for dismissing this case, the Court lacks subject-matter jurisdiction as well.

## IV.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P. 12(b)(1)

Plaintiff's Complaint must also be dismissed if there is no subject-matter jurisdiction. To establish subject-matter jurisdiction, Plaintiff must prove diversity of citizenship and that the amount in controversy exceeds $75,000.

### A.  Plaintiff claims to be a Citizen of California.

Plaintiff has filed his own sworn declaration in a California matter with *this* Court, which constitutes a judicial admission, swearing that he is a resident of the State of California. (Doc. 6-1, Page ID#62) (*Hartford Fire Ins. Co. v. Cmc Constr. Co.*, No. 3:06-cv-011, 2012 U.S. Dist. LEXIS 204030, at *22 (E.D. Tenn. Jan. 30, 2012) ("formal admissions in the pleadings of a present action, [are those] 'which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'"). Helpfully, he even asked the Court to "take judicial notice of each of the documents exhibited hereto and that the Court consider these documents in all further proceedings in this action." (Doc. 6, Page ID#58).[6]

Plaintiff has repeatedly filed pleadings in California state court cases, including affidavits under oath, claiming that he resides in California. He has filed these court documents both before and after he filed this Tennessee federal court case claiming that he resides in Tennessee. With regard to Tennessee, Cooper has described his residence there as "temporary."

---

[6]     Plaintiff has also paradoxically filed a "Declaration of Erik Cooper" (Doc. 6-11, PageID#171 at ¶ 1) in which he declares that he is "a citizen and resident of the State of Tennessee."

| Date | Document | Exhibit |
|---|---|---|
| 4/26/2021 | "Cooper resides in …Los Angeles County, California." Cooper also listed his Beverly Hills, California address at the top of the complaint. | Cooper's California complaint in declaratory relief case, Decl. Blum, ¶ 31 & Exh. G at 1 (caption, listing Cooper's address as 312 S. Beverly Drive, #7195, Beverly Hills, California 90212). |
| 4/29/2021 | Cooper notifies the California court of a "temporary" change of mailing address to the Gatlinburg, Tennessee Post Office Box address he is using for this case in Tennessee | Decl. Blum, ¶ 32 & Exh. H. |
| 4/11/2022 | Cooper filed this Tennessee federal court case. | |
| 4/15/2022 | "I am a resident of …Los Angeles County, California[.]" | Cooper's Affidavit in *The Woolsey Fire Cases*, Case No. JCCP 5000, Doc. 6-1, PageID 62, ¶ 2 (lines 9-10). |
| 4/18/2022 | "I am a resident of …Los Angeles County, California[.]" | Cooper's Affidavit in *Perkins v. S. Cal. Edison*, Decl. Blum, ¶ 27, Exh F at 2, ¶ 2 (lines 9-10). |
| 4/18/2022 | "I am a resident of …Los Angeles County, California[.]" | Cooper's Affidavit in *Saldamando v. S. Cal. Edison*, Decl. Blum, ¶ 27, Exh. F at 15, ¶ 2 (lines 9-10). |

The Sixth Circuit rule – duplicated in the rest of the country – is that citizenship is determined by domicile, and that "domicile consists of (1) residence and (2) an intent to remain there." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016), *citing Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968); *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).

During one of Mr. Cooper's California cases, he filed a document titled "Plaintiff's Notice of Temporary Change of Mailing Address" in which he indicated that his "Temporary" address was that which he is using as his address in this action – P.O. Box 1413, Gatlinburg, TN 377. *See* Exh. H. The Tennessee address listed as Plaintiff's "East Coast Office" on the agreement which gave rise to arbitration is "1216 East Parkway, #1413, Gatlinburg, Tennessee, 37738." A simple Google search reveals that this address is a United States Postal Service office; apparently Cooper has a P.O. Box there.

It appears from his filings in California state court that Plaintiff Cooper is only temporarily in Tennessee and his address is a post office box. If Cooper actually resides in California as he swears under oath that he does, this means that diversity does not exist, and this Court lacks subject-matter jurisdiction.

> **B. Plaintiff Does Not Meet the Amount in Controversy Requirement Because His Claims Herein Have Already Been Conclusively Decided Against Him**

Plaintiff fails to meet the amount-in-controversy requirement because all of his claims are barred by *res judicata*. "If a claim of the required jurisdictional amount is apparently made in good faith, that claim controls unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 182 (6th Cir. 1993), *quoting St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). Where evidence shows that the plaintiff's claims as pled do not exceed $75,000 as required by 28 U.S.C. § 1332(a), the court must dismiss the case for want of jurisdiction, even after it has been tried. *Jones,* 2 F.3d at 183, *citing Jimenez Puig v. Avis Rent-A-Car System,* 574 F.2d 37, 39 (1st Cir. 1978). Here, it is already clear that Plaintiff's claims do not meet the jurisdictional amount. Although Plaintiff's Complaint alleges claims to the tune of "$766,080 . . . for professional services rendered and $27,522.60 of expenses incurred," Complaint, ¶ 14, both of those claims *have been arbitrated in Los Angeles, California, and rejected*. Decl. Blum, Exh. C is Cooper's

Counterclaim in the arbitration. Decl. Blum, Exh. E is the arbitrator's decision, including a denial of Cooper's counterclaim; Decl. Blum, ¶¶ 22-23 & Exhs E, F.

Cooper apparently mistakenly believes that the law allows him to repeatedly file the same claim in as many courts as often as he wishes. His claims are barred by *res judicata*.

When the Defendants initiated arbitration with Cooper to establish that they owed him nothing, and after the California state court ruled in a judgment that is now final that Cooper must arbitrate his disputes with Defendants, Cooper's counterclaim that he is owed over $700,000 was a compulsory counterclaim in the action filed by Defendants. Under California law (which by agreement of the parties governs this dispute and which is akin to Federal Rule of Civil Procedure 13), a compulsory counterclaim is a claim made by a defendant against a plaintiff that arises from the same transaction or occurrence as the plaintiff's claim. The claim is ***compulsory*** in that it must be asserted in the same action or it is waived. If defendant fails to assert his counterclaim in this action, he is precluded from asserting it against plaintiff ***even in an independent action***. *See Align Technology, Inc. v. Tran*, 102 Cal. Rptr. 3d 343, 350-351 (Cal. App. 2009):

> The compulsory cross-complaint statute [i.e., California Code of Civ. Proc. § 426.30] is designed to prevent "piecemeal litigation." (*Carroll v. Import Motors, Inc.* (1995) 33 Cal.App.4th 1429, 1436 [39 Cal. Rptr. 2d 791].) In discussing the legislative purpose of former section 439, the predecessor of section 426.30, the Supreme Court explained that because "[t]he law abhors a multiplicity of actions … the obvious intent of the Legislature … was to provide for the settlement, in a single action, of all conflicting claims between the parties arising out of the same transaction. [Citation.] Thus, a party cannot by negligence or design withhold issues and litigate them in successive actions; he may not split his demands or defenses; he may not submit his case in piecemeal fashion. [Citation.]" (*Flickinger v. Swedlow Engineering Co.* (1955) 45 Cal.2d 388, 393 [289 P.2d 214]; see also *Clark v. Lesher* (1956) 46 Cal.2d 874, 882 [299 P.2d 865].) In furtherance of this intent of avoiding a multiplicity of actions, numerous cases have held that the compulsory cross-complaint statute—both section 426.30 and its predecessor statute (former section 439)—must be liberally construed to effectuate its purpose. (citations omitted).

In *Align Technology*, the Court of Appeal held that an employer had to have raised breach of contract and conversion of patent claims against an employee in response to the employee's former counterclaim for wrongful termination in an earlier action.

The arbitrator issued a Final Award on December 28, 2021. Decl. Blum, Exh. E. When Cooper filed this Tennessee federal court case on April 11, 2022, his claims were already barred by his not having pursued those claims to a successful result in the arbitration.

Defendant's cross-complaint is compulsory if the cause of action "arises out of the ***same transaction, occurrence, or series of transactions or occurrences*** as the cause of action … in [the] complaint." Cal. Code of Civ. Pro. § 426.10(c) (emphasis supplied). If a defendant's cause of action against plaintiff is related to the subject matter of the complaint, it must be raised by cross-complaint; failure to plead it will bar defendant from asserting it in any later lawsuit. California Code of Civ. Proc. § 426.30; see *AL Holding Co. v. O'Brien & Hicks, Inc.* 89 Cal. Rptr. 2d 918, 920 (Cal. App. 1999).

This is a "logical relationship" test. Causes of action arise out of the "same transaction or occurrence" if the factual or legal issues are logically related. They need not be identical. (This is similar to the federal rule). *ZF Micro Devices, Inc. v. TAT Capital Partners, Ltd.* 209 Cal. Rptr. 3d 442, 452-453 (Cal. App. 2016); *Heshejin v. Rostami* 268 Cal. Rptr. 3d 836, 844 (Cal. App. 2020) — "transaction is construed broadly; it is not confined to a single, isolated act or occurrence … but may embrace a series of acts or occurrences logically interrelated" (internal quotes omitted).

In cases sounding in contract, the compulsory cross-complaint statute is not limited to the specific breach alleged in plaintiff's complaint. Rather, the statute's "spirit and intent" require that the entire contractual relationship be deemed included within the word "transaction." *See Align Technology., Inc. v. Tran, supra,* 102 Cal. Rptr. 3d 343, 353.

The compulsory counterclaim rule applies even in arbitration. A claim that arises out of the same transaction as set forth in the demand for arbitration should be raised as a counterclaim in the arbitration proceeding. If the respondent fails to do so, the arbitration award may be *res judicata*, barring assertion of that claim in later proceedings. *See Int'l Ambassador Programs, Inc. v. Archexpo,* 68 F.3d 337, 340, n. 2 (9th Cir. 1995) (citing Rest.2d Judgments § 22). Unless vacated or corrected by the court, a private arbitration award is normally entitled to *res judicata*

effect and collateral estoppel effect, thus barring relitigation of identical claims resolved in the arbitration proceeding. *See Vandenberg v. Sup.Ct. (Centennial Ins. Co.)* 88 Cal. Rptr. 2d 366, 371, n. 2 (Cal. 1999); *see also Gordon v. G.R.O.U.P., Inc.* 56 Cal. Rptr. 2d 914, 922 (Cal. App. 1996); and *Baxter Int'l, Inc. v. Abbott Laboratories* 315 F3d 829, 831 (7th Cir. 2003).

The same rule applies where the defendant raised his claim as a cross-complaint in a prior action but voluntarily dismissed it before it was adjudicated. See *Hill v. City of Clovis,* 73 Cal. Rptr. 2d 638, 645 (Cal. App. 1998); *Carroll v. Import Motors, Inc.* 39 Cal, Rptr. 2d 791, 795 (Cal. App. 1995). An arbitration award bars relitigation of the matters heard or that could have been heard in the arbitration proceeding. *Thibodeau v. Crum* 6 Cal. Rptr. 2d 27, 29 (Cal. App. 1992); see *Trollope v. Jeffries* 128 CR 115, 120 (Cal. App. 1976); *Lewis v. Circuit City Stores, Inc.* 500 F3d 1140, 1147 (10th Cir. 2007). "Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Clark v. Bear Stearns & Co., Inc*. 966 F2d 1318, 1320 (9th Cir. 1992).

It is not necessary that a judgment have been entered confirming the award. An unconfirmed arbitration award "has the same force and effect as a contract in writing between the parties." California Code of Civ. Proc. § 1287.6; *Richard B. LeVine, Inc. v. Higashi*, 32 Cal. Rptr. 3d 244, 254 (Cal. App. 2005).

It is sufficient that the matter has been (or could have been) adjudicated by the arbitration tribunal that the parties had agreed would be the tribunal of last resort for their controversy. *Thibodeau v. Crum*, *supra*, 6 Cal. Rptr. 2d at 33; *see Employers Ins. Co. of Wausau v. OneBeacon American Ins. Co.* 744 F3d 25, 28 (1st Cir. 2014).

Cooper's claims arise from the same transaction or occurrence as the claims these Defendants asserted against Cooper in the arbitration proceeding. It was compulsory under California law for Cooper to have asserted his claims against these Defendants in the arbitration. Cooper's one and only opportunity to assert those claims was in the now completed arbitration. His claims are dead. Since the arbitration is now closed, Cooper's claims against these Defendants are barred by principles of *res judicata*.

*Cooper* holds a claim worth nothing because it is barred by *res judicata*, and thus Cooper cannot meet the amount-in-controversy requirement to be in federal court.

## V.    THIS CASE MAY BE DISMISSED BECAUSE OF IMPROPER VENUE UNDER FED. R. CIV. P. 12(b)(3)

Even putting aside the lack of personal jurisdiction and lack of subject-matter jurisdiction, the Defendants would nonetheless deserve an order dismissing this case based on improper venue under Fed. R. Civ. P. 12(b)(3).  *See Means v. U.S. Conf. of Catholic Bishops,* 836 F.3d 643, 648-649 (6th Cir. 2016) (clarifying that Rule 12(b)(3) contemplates a motion to dismiss for improper venue and that a motion to transfer is not a Rule 12 motion).

In the present case, even if there is subject-matter jurisdiction, and even if there were something to litigate on the merits, all the evidence and witnesses in this proceeding are located in Los Angeles County, California – including, apparently, Mr. Cooper, who claims residence there.  *See* Doc. 6-1, PageID # 62, ¶ 2; Decl. Blum, ¶ 27 & Exh. F.  In any event, under the general venue statute, 28 U.S.C. § 1391, venue for a civil action is appropriate in:

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Not one subsection places venue in Tennessee.  None of the Defendants reside here.  A substantial part of the events did not occur here.  No property is the subject of the action here.  There is no personal jurisdiction over Defendants in this judicial district.  Therefore, there is no venue in this district either, and the Court should dismiss the action.  *See* 28 U.S.C. § 1406(a).  The action should be dismissed for improper venue.

## VI. THE ALLEGED SERVICE OF PROCESS WAS INSUFFICIENT

In order to preserve its Rule 12(b)(5) defense, Defendants expressly plead insufficient service of process. Plaintiff filed a "Notice of Service of Process Upon All Defendants" (Docs. 7-1, 7-2, and 7-3) which is neither an affidavit nor proof of completed service. The unsworn statement purports to establish only that an attempted mailing occurred on a "John Doe" employee of Blum Collins LLP. The mailing was not by registered or certified mail and therefore insufficient under Tennessee law. The unsworn statement also fails to include any of the required information set forth in § 415.30 and § 417.10 of the California Code of Civil Procedure. *See Cunningham v. Enagic USA, Inc.*, No. 3:15-0847, 2019 U.S. Dist. LEXIS 34013, at *11-12 (M.D. Tenn. Feb. 15, 2019).

## VII. CONCLUSION

A dismissal with prejudice is appropriate when a complaint fails to state a claim under Rule 12(b) and granting leave to amend would be futile. That is the case here. Plaintiff's Complaint should be dismissed for lack of personal jurisdiction because Defendants have no minimum contacts with Tennessee. The Court should conduct an evidentiary hearing on the materials submitted by Defendants and such evidence as submitted by Plaintiff, if any, so the Court may conclusively determine that *in personam* jurisdiction is lacking. Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because (1) Cooper has proclaimed repeatedly that he is a citizen of California as are Defendants so there is no diversity, and (2) Plaintiff fails to meet the amount-in-controversy requirement. Either one of these facts is sufficient to demonstrate a lack of subject-matter jurisdiction. In the alternative, the Court should dismiss the case for improper venue.

Respectfully submitted, this the 23rd day of May 2022.

**KAY|GRIFFIN, PLLC**

By:/s/Daniel C. Headrick
    Matthew J. Evans  BPR #017973
    Matthew.evans@kaygriffin.com
    Daniel C. Headrick    BPR #026362
    dheadrick@kaygriffin.com
    900 S. Gay Street, Suite 1810
    Knoxville, Tennessee,  37902
    (865) 314-8422
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of May 2022 the foregoing *Memorandum of Law in Support of Motion to Dismiss of Defendants* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. The Plaintiff will be served by regular United States mail at the address indicated below.

Erik Cooper
Post Office Box 1413
Gatlinburg, Tennessee  37738

/s/ Daniel C. Headrick
Daniel C. Headrick