

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

FILED

DEC 1 5 2022

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

|  |  |  |
|---|---|---|
| **ERIK COOPER** | ) | **No. 3:22-cv-00124-DCLC-JEM** |
| **Plaintiff,** | ) | |
| | ) | **Honorable Clifton L. Corker /** |
| **v.** | ) | **Honorable Jill E. McCook** |
| | ) | |
| **BLUM COLLINS, LLP,** | ) | |
| **STEVEN AARON BLUM, and** | ) | |
| **CRAIG MICHAEL COLLINS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### PLAINTIFF'S MOTION FOR RECONSIDERATION,
### or, in the alternative,
### PLAINTIFF'S MOTION TO VACATE JUDGMENT,
### or, in the alternative,
### PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

---

Pursuant to Federal Rule of Civil Procedure 60(b)[1], Plaintiff moves the Court to reconsider the Court's Memorandum Opinion and Order entered November 18, 2022 granting Defendants' Motion to Dismiss [Doc. 47] in favor of Blum Collins, LLP, Steven Aaron Blum, and Craig Michael Collins (collectively, "Defendants")[2], or, in the alternative, pursuant to Federal Rules of Civil Procedure 60(b), Plaintiff moves the Court to vacate its Judgment[3], or, in the alternative, pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff moves the Court to alter or amend its Judgment[3].

---

1      And all other applicable Federal Rules of Civil Procedure governing this instant action.

2      *Erik Cooper v. Blum Collins, LLP, et. al.*, case number 3:22-CV-124. [Doc. 1].

3      According to the Clerk of Court's records as of the date of the filing of this instant pleading, the Court has not entered any Judgment in the above-captioned civil action under Fed. R. Civ. P. 58.

# INTRODUCTION

Based upon Plaintiff's review of the Court's Memorandum Opinion and Order [Doc. 69] issued in the instant case, Plaintiff believes the Court has a fundamental misunderstanding of the evidence in the record, the Court misapplied evidence and law in reaching its ruling in this action, and, thereupon, the Court entered its Memorandum Opinion and Order based upon this misunderstanding of evidence and misapplication of law. Based upon the Court's apparent misunderstanding of evidence -- Plaintiff's *prima facie* showing -- and the Court's misapplication of law, the Court granted Defendants' Motion to Dismiss [Doc. 47] and dismissed the instant action for lack of jurisdiction. Though the Court correctly concluded that it has subject-matter jurisdiction, the Court incorrectly concluded that it does not have personal jurisdiction[4] over the Defendants. The Court's ruling was based on its finding that "Defendants lack[ed] minimum contacts with Tennessee sufficient to support specific jurisdiction[5]," "[t]here is no evidence in the record of any Tennessee contacts of Defendants other than those related to the present dispute[6]," "Defendants' contacts are not 'continuous' or 'systematic'", and "Defendants are not 'at home' in Tennessee, so the Court cannot exercise personal jurisdiction over them." The Court's ruling amounts to a clear error of law, however, because Plaintiff made a sufficient *prima facie* showing, as required,

---

4    Personal jurisdiction may be general or specific. *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). Plaintiff argued the Court maintained both general and specific jurisdiction over Defendants.

5    The Court determined Defendants' minimum contacts using the *Mohasco* test.

6    Plaintiff is not compelled to provide any *prima facie* showing of Defendants' contacts with Tennessee other than Plaintiff's contacts with Defendants *in* Tennessee. Plaintiff made such *prima facie* showing in the record in the instant case.

2

in pleadings and documents filed in the record contrary to the Court's findings and interpretations as represented in the Memorandum Opinion and Order. Based thereupon, the Court's order of dismissal is manifestly unjust to deprive Plaintiff access to the court since the court maintains proper and sufficient jurisdiction to adjudicate this action.

Furthermore, the Court made a clear error of law in denying Plaintiff's Motion to Strike [Doc. 57] as moot. The Court's denial of Plaintiff's motion, as indicated in the Court's Memorandum Opinion and Order, was convenient, posthumous, and untimely given the record and the Court's obligations due the parties in this action. The record provides that Defendants failed to seek relief from the Court's Order Governing Motions to Dismiss [Doc. 4] *before* filing their Defendants' Motion to Dismiss [Doc. 47], Defendant failed to certify compliance with the Court's Order [Doc. 4], Plaintiff timely filed his Motion to Strike [Doc. 57], and the Court failed -- by or through its own motion -- to modify, alter, amend, rescind or to otherwise relieve the parties obligation to conduct a Rule 12(b) meet-and-confer *before* filing a motion to dismiss. The matter was not ripe for adjudication until the Court ruled upon Plaintiff's Motion to Strike [Doc. 57], or, alternatively, until the Court relieved the parties of their obligations to comply with the Court's Order [Doc. 4]. The Court failed to rule upon Plaintiff's Motion to Strike until entering its Memorandum Opinion and Order [Doc. 69] *concurrently* with the Court entering its ruling on Defendants' Motion to Dismiss [Doc. 47]. The Court further failed to modify, alter, amend, rescind, or to otherwise relieve Defendants' obligation to include within their Motion to Dismiss [Doc. 47] a Court-required certification statement of compliance with the Court's Order [Doc. 4]. The absence of any such certification statement *as required by the Court's Order* [Doc. 4] warranted the Court granting

3

Plaintiff's Motion to Strike [Doc. 57] based upon the Federal Rules of Civil Procedure and law. According to the record, neither party was excused from complying with the Court's Order [Doc. 4] until *after* the Court entered its Memorandum Opinion and Order [Doc. 69]. Based thereupon, the Court's order of dismissal is manifestly unjust by affording the parties an inherent right to essentially pick-and-choose which court orders to abide by, and which court orders may be altogether ignored, rejected, or refused.

Accordingly, Plaintiff respectfully requests the Court reconsider its ruling dismissing the instant action, or, in the alternative, Plaintiff respectfully requests the Court vacate the judgment -- presumably to be entered *after* the filing of this instant pleading or some time in the future, if at all, despite the Court's obligations due the parties under Fed. R. Civ. P. 58, or, in the alternative, Plaintiff respectfully requests the Court alter or amend the judgment -- when or if entered -- dismissing this action based upon the Court's error of not granting Plaintiff's Motion to Strike [Doc. 57] or based upon the Court's failure to rescind, modify, alter, amend, or otherwise relieve the parties of their duties and obligations to comply with the Court's Order [Doc. 4], or, in the alternative, the Court's misunderstanding and misapplication of Plaintiff's *prima facie* showing in the record warranting the Court striking or denying Defendants' Motion to Dismiss [Doc. 47].

## STATEMENT OF FACTS

This action involves the concerted efforts of a boutique California law firm and two of its partners to deprive Plaintiff, a court-qualified risk management and insurance expert and litigation consultant, of his lawful payment due in the amount of $768,602.60 for services rendered and expenses incurred while providing services requested, directed

4

and supervised by the collective Defendants, while Defendants reaped the benefits of Plaintiff's services. The Complaint alleged contract claims [Doc. 1, ¶¶ 75-108] (Counts I-IV), conversion [*Id.* at ¶¶ 109-115], and civil conspiracy [*Id.* at ¶¶ 116-122].

Plaintiff reincorporates by reference herein all claims, allegations, facts, and evidence already in the record as if fully restated herein.

**Relevant Procedural History**

The Complaint in this case was filed on April 11, 2022 [Doc. 1]. Accompanied therewith, Plaintiff filed a Summons for each Defendant. [Docs. 2, 3, 4].

Instantaneously upon filing the Complaint in this action, also on April 11, 2022, the Clerk of Court filed the Court's standing Order Governing Motions to Dismiss [Doc. 4]. Therein, the Court ordered the parties as follows:

> "This Order Governing Motions to Dismiss sets forth the meet and confer requirements that must be certified before filing a motion to dismiss in this Court."

> "A motion pursuant to Federal Rule of Civil Procedure 12(b) is discouraged if the defect is likely to be cured by filing an amended pleading. Therefore, the parties must meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided. The duty to confer also applied to parties appearing *pro se*. Consequently, a motion to dismiss must be accompanied by a notice indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment."

> "MOTIONS TO DISMISS THAT DO NOT CONTAIN THE REQUIRED CERTIFICATION ARE SUBJECT TO BEING STRICKEN ON THE COURT'S MOTION."

> "IT IS FURTHER ORDERED THAT *pro se* parties familiarize themselves with the Federal Rules of Civil Procedure and Local Rules for the Eastern District of Tennessee, which can be found on the Court's web site at http://www.tned.uscourts.gov."

> "IT IS SO ORDERED."

At no time after filing the foregoing Order did the Court rescind, amend, modify, alter, or withdraw its Order [Doc. 4], or otherwise relieve the parties of their obligations to comply with the Court's Order.

On May 23, 2022, Defendants filed their Motion to Dismiss [Doc. 13]. Therein, *on its face*, <u>Defendants falsely certified</u>, *under oath*, having satisfied the requirements of the Court's Order [Doc. 4] before filing Defendants' motion to dismiss. According to the Court's Memorandum and Opinion Order [Doc. 69], the Court -- without conducting any inquiry further into the veracity of Defendants' certification statement, despite Plaintiff's pleadings objection to same and notifying the Court of the falsity of such certification -- relied upon Defendants' false certification in reaching its ruling. [*See*, Doc. 69, pgs. 7-8].

Having filed no answer, demurer, or other responsive pleading timely with the Clerk of Court following sufficient service of process upon each Defendant in this action, on June 3, 2022, Plaintiff filed motions for default judgment against each Defendant [Docs. 22-24]. Also on June 3, 2022, Plaintiff filed his Motion to Strike Defendants' Motion to Dismiss [Doc. 20] on the basis, among others, of <u>Defendants' false certification</u> made to this Court, *under oath*, and the misconduct of Defendants' counsel Matthew Joshua Evans, documented in audio recording evidence and transcript remitted.

On July 6, 2022, the Court conducted a telephonic status conference hearing, *but not an evidentiary hearing* on any of the motions then-pending before the Court. Instead, the Court denied each of Plaintiff's motions for default judgment based upon Defendants' unsubstantiated claims of failure of service, and errors of the Clerk's record[7]. Additionally, the Court denied *as moot* Plaintiff's Motion to Strike [Doc. 20] and Defendants' Motion to Dismiss [Doc. 13] based upon Defendants' representations of

their *intent* to refile their pending motion to dismiss. Since Defendants had not then or ever since effectuated such withdrawal of their motion to dismiss [Doc. 13], Plaintiff's Motion to Strike [Doc. 20] remained ripe for ruling by the Court. Instead, the Court denied Plaintiff's motion as moot and without a hearing. Defendants' counsels' offer to either waive service or agree to have the summons and complaint served upon their clients again allowed Defendants and their counsel to escape the Court's rebuke of the false certifications addressed to the Court in Plaintiff's Motion to Strike, and for the documented misconduct of attorney Matthew Joshua Evans in this Court's record.

Notwithstanding the Court's allowance of Defendants' and their counsels' well-documented misconduct in this action, Defendants *again* failed to comply with the Court's Order [Doc. 4] by conducting a Rule 12(b) conference before filing Defendants' *second* Motion to Dismiss [Doc. 47], and the Court neither withdrew, rescinded, modified, amended, altered, or otherwise dismissed the parties' requirement to comply with the Court's Order [Doc. 4]. After waiving service of process, on July 28, 2022, Defendants filed their second Motion to Dismiss [Doc. 47]. This time, Defendants altogether ignored the Court's Order [Doc. 4], failed to request relief from the Court from its Order [Doc. 4], failed to either request or conduct a Rule 12(b) meeting *before* filing their motion to dismiss -- as the Court specifically ordered them to do -- and altogether omitted inclusion of any certification statement of compliance with the Court's Order [Doc. 4] in their Motion to Dismiss [Doc. 47] as required by the Court's Order.

---

7    The Clerk of Court acknowledged a failure of the Clerk's Office to follow procedure governing motions for default judgment submitted in this action. In committing the error, the record appeared to the Court to not be ripe for adjudication by the Court and, based thereupon, the Court denied Plaintiff's motions for default judgment.

The Court essentially allowed a party to ignore a court order, then forgave such ignorance in its Memorandum Opinion and Order[8]. [*See*, Doc. 69, p. 7]. In providing such allowance, the Court essentially undermined its credibility to the parties by posthumously forgiving a party's violation of a court order and allowing such violation of the court order to be forgiven when such forgiveness was only granted by the Court -- posthumously or otherwise -- in a *subsequent* court ruling (in the instant case, the Court's Memorandum Opinion and Order [Doc. 69]).

Further, the Court's comments expressed in the Memorandum Opinion and Order indicate the Court's apparent annoyance with the instant case as an influencing factor in the Court reaching its decision to grant Defendants' motion[9]. [*See*, Doc. 69, p. 7]. Instead of demanding accountability by the parties in accordance with the Federal Rules of Civil Procedure and precedent in the Sixth Circuit, the Court *posthumously* granted Defendants and their counsel permission to lie ("misrepresent") to the Court, to disparage the Court, to violate the Court's Order, and to escape accountability by this Court for

---

8    "Cooper argues that Defendants' Motion to Dismiss [Doc. 47] should be stricken because -- he claims -- Defendants failed to comply with the Court's order governing motions to dismiss [Doc. 4]. That order provides that parties must meet and confer before filing a motion to dismiss because conferences reduce the likelihood that parties will file a motion that could have been resolved by filing an amended pleading [Doc. 4]. Here, the Parties already conferred [Doc. 20, pgs. 4-5; Doc. 28, ¶ 2]. Cooper complains that some grounds for Defendants' first motion to dismiss were not addressed in that conference [Doc. 57, pg. 5]. But Defendants mooted their objection to service by waiving service [Doc. 44]. **The purpose of the Court's order would not be served by ordering the Parties to confer anew, and given the litigiousness displayed by the Parties thus far [see, e.g., Docs. 52, 53, 56, 59], the Court finds that ordering a new conference would be a waste of time.** [emphasis added] Cooper's Motion to Strike [Doc. 57] is therefore **DENIED.**]

9    Among other examples indicated throughout the Court's Memorandum Opinion and Order: "Cooper argues...because -- he claims -- ..."; "Here, the Parties already conferred... [citing "Doc. 20, pgs. 4-5, where Defendants misrepresented to the Court their compliance with the Court's Order (Doc. 4)]; "The Court's order would not be served..." suggesting, posthumously, that the Court's order *could* be ignored; "...given the litigiousness displayed by the parties thus far...the Court [posthumously] finds that ordering a new conference would be a waste of time."

8

counsel's (mis)conduct.  Such apparent annoyance creates the appearance of the Court's bias and prejudice towards a party -- perhaps, an party appearing in pro per before the Court -- and favoritism toward another party -- perhaps, a party who is an attorney or is represented by attorneys and not appearing *pro se* in this action.

On August 24, 2022, Plaintiff filed a new Motion to Strike alleging the foregoing violations of the Court's Order.  Though the Court issued orders on August 25, 2022 and September 22, 2022, respectively [Doc. 60; Doc. 66], the Court neither addressed nor ruled upon Plaintiff's *second* Motion to Strike [Doc. 57] *before* entering its Memorandum Opinion and Order [Doc. 69] on November 18, 2022, and altogether ignored Plaintiff's Motion to Strike by entertaining Defendants' motion to dismiss [Doc. 47] until addressing Plaintiff's motion -- posthumously -- in the Memorandum Opinion and Order, thereby granting the Defendants permission to ignore the Court's Order [Doc. 4] while compelling the parties to comply with other court orders, essentially amounting to a party's election to pick-and-choose which orders to abide by, and which can be ignored, then allowing such misconduct by inclusion of the Court's ruling in an untimely out-of-order procedural review of the pending motions in this case.  Perhaps the Court had not considered such appearances made in the Court's Memorandum Opinion and Order [Doc. 69] and, based upon those appearances, Plaintiff respectfully requests the Court reconsider its ruling.

### Memorandum Opinion and Order (of Dismissal)

Briefing was completed on the motion to dismiss on October 6, 2022 upon Plaintiff's filing of a Sur-Reply.  [Doc. 68].  Plaintiff requested to provide the Court with oral argument, but Defendants disputed that their appearance for any oral argument in

this action would cause their stipulation to the Court's jurisdiction over them. The Court did not grant the parties oral argument, and instead, ruled upon the "extensive documentary evidence" -- then, misunderstood and misrepresented that evidence in the Court's reliance upon same justifying its application of law and dismissal of the action -- finding the "record is complete, and a ruling is possible based solely on Cooper's submission in support of his *prima facie* case." [Doc. 69, at pg. 7].

The Court issued its Memorandum Opinion and Order -- *but no Judgment*[3] -- in this action on November 18, 2022. Plaintiff has timely filed the instant motion for reconsideration in accordance with Fed. R. Civ. P. 60(b), or, in the alternative, Plaintiff has timely filed the instant motion to vacate the Court's pending judgment in accordance with Fed. R. Civ. P. 60(b), or, in the alternative, Plaintiff has timely filed the instant motion to alter or amend judgment in accordance with Fed. R. Civ. P. 59(e). *See S.B. by & through M.B. v. Lee*, 321-CV-00317-JRG-DCP, 2021 WL 4888915, at *4 (E.D. Tenn. Oct. 18, 2021) ("Rule 59(e) states that a party may file a motion to alter or amend judgment within twenty-eight days from the entry of judgment.") (citing Fed. R. Civ. P. 59(e)).

## STANDARD OF REVIEW

Plaintiff's motion for reconsideration[10], and Plaintiff's motion to vacate judgment, are each governed by Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b)

---

10    There is no "motion for 'reconsideration'" in the Federal Rules of Civil Procedure." *Bass v. United States Dep't of Agriculture*, 211 F. 3dd 959, 962 (5th Cir. 2000). Rather, if filed within ten days of the district court's **judgment** [emphasis added], such a motion is construed as filed pursuant to Rule 59(e). *See id.* Motions that are not timely under Rule 59 must be treated as motions filed under Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). In the instant case, the Court has not entered any "judgment" and, as such, the Rules of Civil Procedure may permit the Court to deny the instant motion; however, should the Court deny the instant motion, Plaintiff will bring the motion again when the Court enters a judgment in this action.

motion may be granted if the moving party demonstrates any of the following: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Plaintiff's motion to alter or amend judgment is governed by Rule 59 of the Federal Rules of Civil Procedure. "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

## **ARGUMENT**

### I. **The Court's Dismissal of Plaintiff's Action Due to Lack of Personal Jurisdiction Over Defendants Amounts To A Clear Error of Law**

As represented in the Court's Memorandum Opinion and Order [Doc. 69], the Court maintains an apparent misunderstanding of evidence in the record of this case -- Plaintiff's *prima facie* showing -- and has misapplied the law related to that evidence. Based upon the Court's misunderstanding of evidence, and misapplication of law, the Court reached incorrect conclusions and dismissed Plaintiff's action based upon those errors.

## A.    Not *All* Services Were Governed By A Written Agreement

The record is replete with Plaintiff's citations of <u>three</u> categories of services provided by Plaintiff to the Defendants -- (1) litigation consulting, (2) claims consulting, and (3) marketing services. [*See*, among other pleadings, Doc. 1 at ¶¶ 3, 4, 5, 11, *fn.* 1]. The parties' proposal letter addressed only Plaintiff's <u>marketing</u> services, *not* Plaintiff's litigation consulting or claims consulting services. No written document governs the parties' agreement for Plaintiff's litigation consulting or claims consulting services, and the Court can not rely upon the parties' *marketing services* proposal letter to reach any conclusions governing Plaintiff's litigation consulting and claims consulting services. Plaintiff's litigation and claims consulting services was created by *verbal* agreement, with Plaintiff in Sevier County, Tennessee, establishing jurisdiction. [Doc. 1 at ¶ 3].

Throughout the Memorandum Opinion and Order[11], the Court repeatedly relies upon the parties' proposal letter for *marketing services only* as an "agreement" governing *all* services Plaintiff provided to the Defendants -- and Defendants failed to pay for. For reasons set forth further below herein, such reliance is flawed. The parties reached a verbal agreement for Plaintiff's litigation consulting and claims consulting services, and those services were never reduced to any written "agreement" -- proposal letter or otherwise -- entered into or acknowledged by the parties. Based upon the foregoing,

---------

11      "Here, documentary evidence submitted by Cooper undermines his required prima facie case that parties contemplated a 'continuing relationship.' *Cf. Burger King*, 471 U.S. at 473. The parties' agreement is a 'Proposal' for services with a term of only six months, with the possibility of a six-month extension, governed by California law and subject to California arbitration [Doc. 58-10, pg. 32]." [Doc. 69, pg. 12]. Thereafter, the Court relies upon this misunderstanding of the evidence to apply law and further evidence in the record incorrectly. For example, "[T]here is no indication that the relationship would last for the duration of the wildfire litigation or survive its resolution."; "Despite the parties' 'handshake agreement' to extend Cooper's engagement..."; "...that work was directed entirely at out-of-state parties and bore no connection to Tennessee."; "Cooper's relationship with Blum Collins had only the most attenuated connection with this state."; etc.

the Court should reconsider its decision to grant Defendants' motion to dismiss, modify its ruling, and vacate any anticipated Judgment.

### B.    <u>Declarations Are Not "Affidavits"</u>

Declarations made by any party in this action are not "affidavits." In the Court's Memorandum Opinion and Order [Doc. 69], the Court wrongly concluded that Defendants' Motion to Dismiss [Doc. 47] was "supported by affidavits of Defendant Blum and Collins [Docs. 49-50]." No "affidavits" of either Defendant Blum or Defendant Collins exist in the record, rather, Defendant Blum provided the Court the Declaration of Steven A. Blum [Doc. 49], and Defendant Collins provided the Court his nearly-identical and duplicitous Declaration of Craig M. Collins [Doc. 50] repeating nearly-verbatim the same declarations of Defendant Blum.

In Plaintiff's opposition [Doc. 58] to Defendants' Motion to Dismiss [Doc. 47], Plaintiff cited to the Court the absence of any "affidavit" required by Rule 12(b) governing motions to dismiss. In its Memorandum Opinion and Order [Doc. 69], the Court incorrectly referred to Defendants' declarations as "affidavits", and relied upon same[12] as satisfaction of Defendants' obligations in compliance with Rule 12(b) in granting the Defendants' motion to dismiss. Based upon the foregoing, the Court should reconsider its decision to grant Defendants' motion to dismiss, modify its ruling, and vacate any anticipated Judgment.

---

12    "Here, the parties submitted affidavits supported by extensive documentary evidence [See Docs. 48, 58]." [Doc. 69 at p. 7].

13

**C.** **The Court Cannot Apply Terms of the Parties' Proposal Letter for _Marketing Services Only_ to Justify the Court's Findings for Jurisdiction Over Plaintiff's Litigation Consulting or Claims Consulting Services**

The Court incorrectly relied upon the parties' proposal letter[13] "agreement" to justify the Court's ruling determining lack of jurisdiction in this action.

According to the Court's Memorandum Opinion and Order:

> "[D]ocumentary evidence submitted by [Plaintiff] undermines his required _prima facie_ case that the parties contemplated a 'continuing relationship.' . . . **The parties' agreement is a "Proposal" for services with a term of only six months, with the possibility of a six-month extension, governed by California law and subject to California arbitration** [emphasis added]." [Doc. 12 at p. 12].

Contrary to the Court's findings, the record is replete with Plaintiff's citations of the parties' proposal letter governing _marketing services only_, and not any of Plaintiff's litigation consulting or claims consulting services. In its Memorandum Opinion and Order, the Court incorrectly concluded, without the existence of any evidence in the record, that the parties' agreement for _litigation consulting_ and for _claims consulting_ services also included "a term of only six months", "with the possibility of a six-month extension", "governed by California law", "and subject to California arbitration."

Nothing in the record supports the Court's reliance upon such evidence. The Court's error amounts to a fundamental misunderstanding of evidence established in the record and supporting Plaintiff's obligation to make a _prima facie_ showing -- a showing Plaintiff successfully made.

_____

13      The parties executed a proposal letter [Doc. 58-10] for **marketing services only**, not for litigation consulting or for claims consulting services. The Court cannot apply the terms of the parties' marketing services proposal letter to the parties' litigation consulting and claims consulting services.

Further, the Court, in its reliance on such misunderstanding, misapplied the law to reach the Court's conclusion concerning jurisdiction. Specifically, the Court cited *Cf. Burger King*, 471 U.S. at 473, to determine the Court's jurisdiction in this action. Absent any evidence in the record establishing the parties had agreed to "a term of only six months", "with the possibility of a six-month extension", "governed by California law", "and subject to California arbitration," the Court cannot reasonably conclude the parties ever reached such an agreement -- for a contract term, term extension, stipulation to disputes governed by California law, or stipulation to dispute resolution through California arbitration -- or that such application of law applies in the instant case. No such evidence exists, either in the record, or otherwise. Based upon the foregoing, the Court should reconsider its decision to grant Defendants' motion to dismiss, modify its ruling, and vacate any anticipated Judgment.

### D. Neither the Court Nor Defendants Can Rely Upon An Agreement Defendants Breached

The Court incorrectly relied upon the parties' breached "agreement" to justify the Court's ruling determining lack of jurisdiction in this action.

Among other terms and conditions of the parties' proposal letter breached by the Defendants, the parties' proposal letter *for marketing services only* required execution of an agreement on or before a specified date. [*See*, Doc. 58-10, Addendum A, Condition 1]. In making a *prima facie* showing, Plaintiff cited Defendants' breach of the proposal letter "agreement". [Doc. 1 at ¶¶ 25, 80]. Neither the Court nor the Defendants can rely upon a purported "agreement" if such agreement was breached or if the conditions of that agreement were not fulfilled by either party. Based upon the foregoing, the Court should reconsider its decision to grant Defendants' motion to dismiss, modify its ruling,

and vacate any anticipated Judgment.

**E. Not *All* Services Stipulated to a Term, Term Extensions, California Law, or California Arbitration**

Since the parties' proposal letter governed Plaintiff's <u>marketing services only</u>, no agreement for Plaintiff's litigation consulting or claims consulting services -- either written or verbal -- stipulated to a term, term extensions, "California law" or "California arbitration," as the Court wrongly concluded in its Memorandum Opinion and Order. [Doc. 69, p. 12].

Despite the inability of the Court or the Defendants to rely upon a breached agreement to compel service terms, jurisdiction, venue, or dispute resolution, among other terms and conditions erased by such breached agreement, Plaintiffs' litigation consulting and claims consulting services were governed by the parties' <u>verbal agreement only</u> and were never reduced to writing. [Doc. 1 at ¶ 3]. No agreement exists between the parties stipulating to a term (time period) limit for services to be provided, stipulating to term extensions, stipulating to "California law", or stipulating to "California arbitration" for Plaintiff's litigation consulting or claims consulting services. As such, neither the Court nor Defendants can rely upon the *absence* of such evidence in the record to justify the Court's lack of jurisdiction over Plaintiff's litigation consulting and claims consulting services, or, the Court's lack of jurisdiction over Plaintiff's marketing services, since Plaintiff alleged the parties' proposal letter "agreement" was breached as evidenced by Plaintiff's *prima facie* showing. No agreement entered into by or between the parties as specified in the proposal letter, no reliance can be made upon any "agreement" a party (the Defendants) themselves breached.

The services depicted in the record clearly indicate only *marketing services* were reduced to writing in the parties' proposal letter. The Court incorrectly applied the parties' proposal letter for *marketing services* as the parties' agreement for *all services* provided by Plaintiff. Such reliance is flawed. The plain language of the proposal letter addresses Plaintiff's *marketing services*. [Doc. 58-10]. Plaintiff's litigation consulting and claims consulting services were not governed by any written agreement, and the parties' verbal agreement was reached in Tennessee. [Doc. 1 at ¶ 3]. No evidence in the record offers the Court any reliance that the parties agreed to "a term of only six months", "with the possibility of a six-month extension", "governed by California law", "and subject to California arbitration" as incorrectly concluded. Contrary to the Court's conclusions, in this action, Plaintiff's and Defendants' prior negotiations and anticipated future consequences did implicate the State of Tennessee. There was no California -- nor *Swiss* -- choice of law (or arbitration) for Plaintiff's claims consulting or litigation consulting services, and no meeting on Defendants' turf.

Further, an amended complaint -- had Defendants not ignored their obligations due the Court and the Plaintiff under the Court's Order [Doc. 4], and had the Court not posthumously relieved the Defendants of their obligations due under the Court's Order -- would have included Plaintiff's request for declaratory relief addressing the parties' purported "agreement", and both the Court and the Defendants denied Plaintiff of his right and opportunity to cure any defects in the Complaint by amending the complaint. Based upon the foregoing, the Court should reconsider its decision to grant Defendants' motion to dismiss, modify its ruling, and vacate any anticipated Judgment.

**F.** **Evidence in the Record Supports Plaintiff's *Prima Facie* Showing That This Court Maintains Personal Jurisdiction Over This Action**

The legal standard governing the Court's ruling is properly cited in the Court's Memorandum Opinion and Order:

> "When a defendant challenges personal jurisdiction under Rule 12(b)(2), Plaintiff bears the burden of establishing jurisdiction. . . . If the court decides the motion on the affidavits alone, it must consider the record in the light most favorable to the Plaintiff, and the plaintiff must only make a prima facie showing of personal jurisdiction over the moving party." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

Though only Plaintiff's affidavit is properly reflected in the record in this action, since Defendants filed only *declarations* and not any affidavit, the Court must consider the record in the light most favorable to the Plaintiff on Plaintiff's affidavit alone. Even if the Court should consider Defendants' declarations as "affidavits" in the record, Plaintiff has made a *prima facie* showing of personal jurisdiction over the Defendants.

**II.** **The Court's Dismissal of Plaintiff's Action Due to the Court's Failure to Grant Plaintiff's Motion to Strike Amounts To A Clear Error of Law**

One need only look to the record in the instant case to identify the Court's clear error of law when denying as moot Plaintiff's Motion to Strike [Doc. 57].

Defendants altogether failed to withdraw their first Motion to Dismiss [Doc. 13] filed May 23, 2022. In response to Defendant's motion, Plaintiff filed his Motion to Strike [Doc. 20], and concurrently on the same date, filed Plaintiff's motions for default judgment [Docs. 22-24]. Without conducting any evidentiary hearing, the Court denied Plaintiff's first Motion to Strike [Doc. 20] on the basis of Defendants' stated intent to refile their pending Motion to Dismiss [Doc. 13], and the Court relied upon Defendants' representation to deny Plaintiff's Motion to Strike [Doc. 20] as "moot." The Court's

fundamental error of denying Plaintiff's Motion to Strike as moot allowed the Court to avoid addressing Plaintiff's timely motion on Defendants' then-pending Motion to Dismiss [Doc. 13], and allowed Defendants and their counsel to avoid the Court's rebuke for their misconduct witnessed in this action.

While the Court denied Defendants' Motion to Dismiss [Doc. 13] as moot, *the Court concurrently relies upon the same pleading* [Doc. 13] to credit Defendants with their satisfaction of the Court's Order [Doc. 4] governing Rule 12(b) conferences before filing any motion to dismiss. Such reliance is counterintuitive and without merit.

The Defendants altogether failed to satisfy the requirements of the Court as set forth in the Court's Order [Doc. 4]. No court order may be ignored, refused, or otherwise set aside without the Court doing so itself. In the instant case, the Court failed to set aside its own Order, then, posthumously gave Defendants a permissive pass to ignore the Court's Order, and even worse, acknowledged Defendants' false representations to the Court set forth in the same *denied-as-moot* pleading [Doc. 13].

Specifically, Defendants falsely certified having conducted a Rule 12(b) conference with Plaintiff as required by the Court in the Court's Order [Doc. 4]. To evidence Defendants' failure, Plaintiff filed numerous pleadings including, without limitation, Plaintiff's opposition [Doc. 25], and when Defendants' counsel denied having falsely certified their compliance with the Court's Rule 12(b) meeting requirements, Plaintiff filed an audio recording and transcript of the purported Rule 12(b) meeting with Defendants' counsel -- in which attorney Matthew Joshua Evans disparaged this Court -- and subsequent pleadings in support of Plaintiff's Motion to Strike thereafter.

The Court essentially ignored Plaintiff's pleadings and gave Defendants and their counsel a permissive pass to ignore the Order. The Court concluded, as represented in the Memorandum Opinion and Order:

> "[T]he Parties already conferred. [Doc. 20, pgs. 4-5; Doc. 28, ¶ 2]."

> "Cooper complains that some grounds for Defendants' first motion to dismiss were not addressed in that conference [Doc. 57, pg. 5]. But Defendants mooted their objection to service by waiving service. [Doc. 44].

> "The purpose of the Court's order would not be served by ordering the Parties to confer anew, and given the litigiousness displayed by the Parties thus far [*see, e.g.*, Docs. 52, 53, 56, 59]" (citing Plaintiff's Requests for Judicial Notice advising the Court of other related actions involving the parties and counsel) "the Court finds that ordering a new conference would be a waste of time."

The Court's finding was posthumous, at best, and a convenient excuse to avoid holding Defendants and their counsel accountable to the Court's Order [Doc. 4] and the Rules of Civil Procedure governing actions within the Sixth Circuit, at worse.

Any permission granted by the Court for a party to ignore a court order is unconscionable, undermines the credibility of the Court, and amounts to permissive favoritism demonstrated by the Court toward a party the Court favors. Such conduct is not condoned in the Sixth Circuit, and can neither be condoned nor ignored here.

The Court, following proper court procedure, was compelled to address and to rule upon Plaintiff's Motion to Strike [Doc. 57] *before* the Court addressed Defendants' Motion to Dismiss [Doc. 47]. Based on the record alone itself, evidence shows the Court did not forgive the parties of their obligations to comply with the Order [Doc. 4], and Defendants never sought to be relieved of such obligations. Plaintiff made a *prima facie* showing of the Defendants' failure in his Motion to Strike [Doc. 57], and the Court made a concurrent ruling upon Plaintiff's motion to strike with Defendants' motion to dismiss.

Had the Court concluded that the Defendants had not complied with the Court's Order, as the record clearly indicates, Defendants' motion to dismiss would have been stricken or otherwise denied. Instead, here, the Court issued its opinion granting a party's motion, then justified the party's ignorance of the Court's Order *after* granting the relief sought. Plaintiff's motion [Doc. 57] was ripe for adjudication *before* the Court either considered or ruled upon Defendant's motion [Doc. 47], and had the Court done so, the Court would have determined whether Defendants complied with the Court's Order [Doc. 4], or whether Defendants did not. Here, clearly, Defendants did not. Instead of holding the Defendants accountable to the Court's Order, the Court granted Defendants their permissive pass to ignore the Court, its Order, and the Rules of the Sixth Circuit governing Rule 12(b) motions, and in doing so, undermined the Court's credibility.

Further, the Court failed to set aside, to alter, to modify, to amend, or to otherwise dismiss the parties from any requirement to meet-and-confer in accordance with the Court's Order [Doc. 4]. Defendants made no motion to this Court to set aside any requirement to meet-and-confer -- either for Defendants' *first* motion or Defendants' *second* motion. Instead, Defendants apparently assumed the Court would grant them a free pass, and the Court did so by evidence of the Court's ruling. Plaintiff was not afforded such equal opportunity to ignore the Court or the Court's orders. Alternatively, the Court, on its own motion, could have entered an Order relieving the parties of any obligation to conduct any Rule 12(b) conference, as the Court and the Sixth Circuit intended all parties to do. Equally, the Court failed to rescind, alter, amend, modify, or set aside its Order [Doc. 4], or to enter a new Order relieving the parties from such duty of conducting a Rule 12(b) conference.

Additionally, had the Court granted Plaintiff's Motion to Strike [Doc. 57], the Court would have denied Defendants' Motion to Dismiss [Doc. 47] as moot. The Court's reversal of rulings in the instant action is relevant because Plaintiff's motion was timely filed, was relevant to the proceedings then-pending before the Court, were meritorious, warranted the Court's consideration, and kept in spirit of the Court's Order [Doc. 4] and the Sixth Circuit's intent for all actions where a party seeks to file a motion to dismiss. Here, the Court has set precedent allowing parties to pick-and-choose which Court Orders warrant acknowledgment and compliance, and which do not. A court's orders are to be followed strictly -- *not selectively* -- and the Court has set a new precedent for the Sixth Circuit if the Court does not reconsider its ruling entered in this action. If the Court permits a party to give selective consideration to the Court's orders, then the Court's Memorandum Opinion and Order could be deemed meritless. Plaintiff opines all court orders should be strictly adhered to, and the Court should enforce each of its Orders with strict interpretation and imposition.

The Court's error amounts to a clear error of law, and creates manifest injustice suffered by the Plaintiff.

## PLAINTIFF'S REQUEST FOR AN EVIDENTIARY HEARING

The consequences of dismissal of this action currently before the Court for Defendants' claims for lack of personal jurisdiction warrants evidence and testimony before this Court. Plaintiff again states, as plead in earlier pleadings, that amendment of the Complaint may be necessary to address Plaintiff's declaratory relief seeking the Court's determination governing the legal validity, enforceability and binding nature of the parties' proposal letter as an "agreement" -- breached or otherwise -- and the language

of the proposal letter compelling arbitration of only Plaintiff's *marketing* services. Should the Court deem such evidence and testimony in this action is necessary, Plaintiff respectfully requests an opportunity to provide the Court with the necessary evidence and testimony to refute the claims of the Defendants and warranting the Court's denial of Defendants' Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant his motion and reconsider the Court's ruling entered in the Memorandum Opinion and Order, or, in the alternative, requests the Court vacate any judgment entered in this action, or, in the alternative, requests the Court alter and amend any judgment entered in this action.

Respectfully submitted on this, the 15th day of December, 2022.

_____
ERIK COOPER
Plaintiff in Propria Persona
Post Office Box 1413
Gatlinburg, Tennessee  37738
Tel:  (865) 438-0892
CooperErik@aol.com

*Erik Cooper v. Blum Collins, LLP, et. al.*
*United States District Court for the Eastern District of Tennessee*
*Case No. 3:22-cv-00124-DCLC-JEM*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of December, 2022, a true and exact copy of the attached pleading titled **"Plaintiff's Motion for Reconsideration, or in the alternative, Plaintiff's Motion to Vacate Judgment, or, in the alternative, Plaintiff's Motion to Alter or Amend Judgment"** was deposited with the United States Postal Service for delivery by first class mail, postage prepaid, addressed to the following recipients as counsel of record for each of the Defendants:

> Daniel C. Headrick
> Matthew J. Evans
> Attorneys at Law
> Kay Headrick, PLLC
> 900 South Gay Street
> Suite 1810
> Knoxville, Tennessee 37902

Parties may also access this filing through the Clerk of Court's electronic filing system.

Certified on this 15th day of December, 2022, by:

_____
Genie Brabham

and

_____
Erik Cooper