UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| ERIK COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | 3:22-CV-00124-DCLC-JEM |
| | ) | |
| v. | ) | |
| | ) | |
| BLUM COLLINS, LLP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff's Motion for Reconsideration [Doc. 70] and his Motion to Strike Defendants' Opposition to that motion [Doc. 72]. On July 28, 2022, Defendants filed a Motion to Dismiss for Lack of Jurisdiction and Improper Venue [Doc. 47]. Plaintiff filed a Motion to Strike that Motion [Doc. 57], arguing that Defendants failed to confer as required by the Court's order governing motions to dismiss [Doc. 4]. The Court denied Plaintiff's Motion to Strike and granted Defendants' Motion to Dismiss in a Memorandum Opinion and Order dated November 18, 2022 [Doc. 69]. Plaintiff seeks reconsideration of those rulings. He further seeks to strike Defendants' Opposition to his Motion due to a one-day delay in postmarking it [Doc. 72]. For the reasons stated below, Plaintiff's Motion for Reconsideration [Doc. 70] is without merit and therefore **DENIED**. His Motion to Strike Defendants' Opposition [Doc. 72] is **DENIED AS MOOT**.[1]

A motion to reconsider "must present newly discovered evidence or clearly establish a

---

[1] The Court presumes familiarity with the facts and procedural history in this case, which are detailed in the November 18, 2022 Memorandum Opinion and Order [Doc. 69].

1

manifest error of law." *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016). As an initial matter, Plaintiff's arguments in support of reconsideration duplicate those he raised in opposition to Defendants' Motion to Dismiss [*See* Doc. 58]. Nonetheless, although the Court previously rejected those arguments, they are addressed here to the extent that rejection was not explicit in the Court's Memorandum Opinion and Order.

Plaintiff's first argument in support of reconsideration is that the Court was under "an apparent misunderstanding of the evidence" in this case [Doc. 70, pg. 11]. He does not argue any of that evidence is "newly discovered." *Cf. D.E.*, 834 F.3d at 728. He instead contends the six-month Proposal for services subject to California law and California arbitration governed only Plaintiff's provision of marketing services, not litigation and claims consulting services. He contends those other services "were never reduced to any written agreement" [Doc. 70, pg. 12] (internal quotation marks omitted). Further, he asserts that because Defendants allegedly breached that agreement, it is irrelevant to jurisdiction [Doc. 70, pg. 15]. But Plaintiff was required to show the Parties contemplated a "continuing relationship" implicating the state of Tennessee or its citizens [Doc. 69, pg. 11]. The record contained overwhelming evidence the anticipated consequences of the Parties' agreement would be felt exclusively in California—not in Tennessee [*See* Doc. 69, pgs. 12–13].[2] As the Court explained, a choice of law provision is relevant to personal jurisdiction, and the Proposal was the "only document evidencing the Parties' agreement" [Doc. 69, pgs. 11, 14]. Whether the Proposal was for all or only some of Plaintiff's services, it was one among numerous factors counseling against the Court's exercise of jurisdiction in this case.

---

[2] Plaintiff's argument that the Court relied on the "*absence* of such evidence" therefore misstates the Court's ruling [Doc. 70, pg. 16].

2

Plaintiff further argues the documents submitted by Defendants were not affidavits but were, instead, declarations [Doc. 70, pg. 13]. Federal law provides, however, that whenever "any matter is required or permitted to be supported … by the sworn … affidavit, in writing of the person making the same …, such matter may, with like force and effect, be supported … by the unsworn declaration …, in writing, of such person …" provided the declarant includes a signed statement that the declaration is true and correct under penalty of perjury. 28 U.S.C. § 1746. Defendants' declarations complied with the statute [*See* Doc. 49, pg. 7; Doc. 50, pg. 4].

Plaintiff lastly asserts the Court improperly excused purported "misconduct" of Defendants by excusing the Parties from their obligation to confer under the Court's order governing motions to dismiss [Doc. 4]. The obvious purpose of that order is to preserve the Court's resources [*See id.*]. That ship has sailed. Defendants committed no misconduct by following the Court's instructions to refile their motion after a conference had already occurred and no further time could be saved.

Moreover, although Plaintiff's Motion is meritless and therefore Defendants' Opposition to it is irrelevant, the Court foresees a need to head off further allegations of "misconduct" associated with Plaintiff's Motion to Strike the Opposition [Doc. 72]. Defendants said they filed electronically on December 28, and in fact they did [Doc. 71]. Plaintiff chose to file his reply the day after he received the Opposition in the mail, rather than seek an extension of the deadline. Defendants made no false statements, and Plaintiff suffered no prejudice.

Accordingly, Plaintiff's Motion for Reconsideration [Doc. 70] is **DENIED**. His Motion to Strike Defendants' Opposition [Doc. 72] is **DENIED AS MOOT**.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge