IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE



FILED
MAR 23 2023
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| ERIK COOPER, | ) |
| Plaintiff, | ) No. 3:22-cv-00124-DCLC-JEM |
| v. | ) Honorable Clifton L. Corker / |
| | ) Honorable Jill E. McCook |
| BLUM COLLINS, LLP, | ) |
| STEVEN AARON BLUM, and | ) |
| CRAIG MICHAEL COLLINS, | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR RECUSAL OF JUDGE CLIFTON L. CORKER

Pursuant to Federal Rule of Civil Procedure § 2200.68, Plaintiff files Plaintiff's Motion for Recusal of Judge Clifton L. Corker ("Motion") and moves the Court to recuse itself from further proceedings in this action. In support of this Motion, Plaintiff shows the Court as follows:

### Filing of Additional Pleadings in this Action

Contemporaneously with the filing of this Motion, Plaintiff also filed Plaintiff's Motion for Reconsideration of the Court's Judgment (Doc. 75) entered in this action. Plaintiff's Motion for Reconsideration will require the Court conducting hearings, entertaining opposition, conduct proceedings and adjudicate the motion.

For cause, Plaintiff anticipates the filing of additional pleadings in this action.

### The Court's Misconduct Witnessed in this Action

On or about March 20, 2023, Plaintiff discovered that the Court had improperly filed into the public record Plaintiff's email correspondence transmitted to the law clerks

of this Court addressing the Court's failure to timely file any Judgment in this action for *more than three months.* (See, Doc. 74). The occurrence of March 20, 2023 was not an isolated incident witnessed in this case, but rather, a pattern of misconduct witnessed.

To address the Court's conduct and based upon the totality of the circumstances involved, Plaintiff filed a formal complaint with the Office of the Circuit Executive alleging misconduct committed by Honorable Judge Clifton L. Corker in this action. A true and correct copy of Plaintiff's judicial complaint is attached herewith and labeled **Exhibit A**. Plaintiff incorporates herewith his judicial complaint in support of this Motion.

During the pendency of investigation and findings of the Office of the Circuit Executive in response to Plaintiff's complaint lodged against the Court, Plaintiff opines the Court will be impaired in the further administration of this action at this time, and the appearance of impropriety, prejudice, and bias in this action would be present in the mind of a reasonable person.

In support of this Motion, Plaintiff attaches herewith the Affidavit of Erik Cooper as **Exhibit B**.

## Legal Standard

Fed. R. Civ. P. § 2200.68 provides for the recusal of a judge. F.R.C.P. § 2200.68(a) provides for discretionary recusal when a judge deems it appropriate. F.R.C.P. § 2200.68(b) requires disqualification under Canon 3(C) of the Code of Conduct for United States Judges, except that recusal may be set aside under the conditions specified by Canon 3(D). In the instant case, Plaintiff moves the Court to exercise

2

discretionary recusal. However, mandatory recusal under F.R.C.P. § 2200.68(b) is also appropriate in this action.

In the instant case, the ability of Judge Corker to be impartial, non-biased, and non-prejudiced against the Plaintiff might be questioned by a reasonable person after Plaintiff filed a judicial complaint against Judge Corker for conduct alleged in this action. (*See*, Canon 3(C)(1)(a)). Additionally, since Judge Corker may be summoned as a witness in any civil action brought against Judge Corker by the Plaintiff, the appearance of bias, prejudice, and partiality against the Plaintiff exists. (*See*, Canon 3(C)(1)(d)(iv). *See also*, Affidavit of Erik Cooper).

## Conclusion

Recusal of a judge in an action is appropriate when the judge's impartiality, bias, or prejudice toward a party is evident to a reasonable person. Here, in the instant action, Plaintiff has filed a formal judicial complaint alleging the Court's improper conduct and improper administration of the instant case. In his affidavit, Plaintiff has indicated his intent to file a lawsuit involving Judge Corker. Plaintiff has filed a pleading in this action concurrent with the instant Motion. The Court's ability to adjudicate Plaintiff's motion in a fair, impartial, non-prejudiced and unbiased manner is impaired, and a reasonable person would conclude the Court maintains bias, prejudice or partiality against a party whom filed a formal complaint against a judge. For the foregoing reasons, Plaintiff requests the discretionary recusal of Judge Corker from further proceedings in this action as provided for under F.R.C.P. § 2200.68(a), or, alternatively, as required under F.R.C.P. § 2200.68(b), Plaintiff moves the Court to recuse itself from further proceedings in this action as required.

3

Respectfully submitted on this, the 23rd day of March, 2023.

_____
ERIK COOPER
Plaintiff in Propria Persona
Post Office Box 1413
Gatlinburg, Tennessee 37738
Tel: (865) 438-0892
CooperErik@aol.com

4

Case 3:22-cv-00124-DCLC-JEM   Document 77   Filed 03/23/23   Page 4 of 4   PageID #: 2446