*Erik Cooper v. Blum Collins, LLP, et. al.*
*United States District Court for the Eastern District of Tennessee*
*Case No. 3:22-cv-00124-DCLC-JEM*

## EXHIBIT A

Judicial Complaint Filed by Plaintiff Involving Judge Clifton L. Corker[1]

---

1      In this action, defendants filed Defendants' Motion to Seal [Doc. 53] and, therein, sought from this Court, as written, the following: "Defendants fully anticipate that Plaintiff will continue filing unrelated and improper materials with the Court, and therefore **they move the Court to include in the Order either a requirement that Plaintiff first seek leave of Court to file future materials relating to the claims made in Docket Number 52 *under seal*, or that Plaintiff be precluded from filing such unrelated materials entirely** [emphasis added; as italicized]." Despite the presumptive and self-serving attempt of the defendants to bar this Court from receiving future notice, evidence or information related to the conduct of the defendants (*See,* e.g., Doc. 6, pg. 6 and fn. 1, citing the United States District Court for the Central District of California's finding that Defendants made "material misrepresentations" in an insurance policy application causing Defendants to lose $7 million of insurance coverage for a legal malpractice claim, etc.) or their counsel for violation of the Fed. R. of Civ. P. and Local Rules (*See,* e.g., L.Rs. 83.2(a) and 83.3(d)), the Court did not grant Defendants' motion request, rather, ruled as follows: "Defendants further move the Court to admonish Plaintiff that 'any further abuse of judicial process may result in a finding that Plaintiff is a 'vexatious litigant' [Doc. 53]. Such an admonition is premature here [emphasis added]. Nonetheless, Plaintiff is advised that litigants who display a pattern of frivolous or impertinent materials are subject to sanctions, including restrictions on future filings in this District or the imposition of attorney's fees. *See generally* Fed. R. Civ. P. 37." [Doc. 55]. Based upon the nature of the instant motion, the totality of the circumstances, and the content, allegations and evidence set forth therein, Plaintiff opines inclusion of Exhibit Three (the *unsealed* version of Doc. 52 in the Clerk's record) is both relevant and pertinent to the instant motion and accurately represents the judicial complaint filed by Plaintiff, and redaction of same would misrepresent the entirety of Exhibit Three (incorporated herewith into this Exhibit, Exhibit A) and diminish the weight and merit of the relief Plaintiff seeks in filing this instant motion. For cause and with respect for the Court's ruling [Doc. 55], Plaintiff includes the unredacted version of Plaintiff's judicial complaint (Exhibit Three) with this exhibit for proper and appropriate representation of the merits sought in this motion and within compliance of this Court's Order [Doc. 55] which did not restrict such "frivolous" or "impertinent" filings in this action. Plaintiff accepts that, upon proper motion, the Court may again seal the Exhibit Three portion of this exhibit to seal the Clerk of Court's records from public access.

Judicial Council of the Sixth Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 5 (below). The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters. The rules are available in federal court clerks' offices, on individual federal courts' Web sites, and on www.uscourts.gov.

Your complaint (this form and the statement of facts) should be typewritten and must be legible. For the number of copies to file, consult the local rules or clerk's office of the court in which your complaint is required to be filed. Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court. **Do not put the name of any judge on the envelope.**

1.   Name of Complainant:   **ERIK COOPER**

     Contact Address:        **1216 EAST PARKWAY, #1413, GATLINBURG, TN, 37738**

     Daytime telephone:      **(865) 438-0892**

2.   Name(s) of Judge(s):   **CLIFTON L. CORKER**

     Court:                  **United States District Court for the Eastern District of Tennessee,**

                             **Knoxville Division**

3.   Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?

     [ X ] Yes                    [   ] No

     If "yes," give the following information about each lawsuit:

     Court:         **United States District Court for the Eastern District of Tennessee,**

                    **Knoxville Division**

     Case Number:   **3:22-CV-00124-DCLC-JEM**

     Docket number of any appeal to the _____ Circuit: _____

     Are (were) you a party or lawyer in the lawsuit?

     [ X ] Party        [   ] Lawyer        [   ] Neither

Page 1 of 2

If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

**Complainant represented himself *in propria persona* in the action.**

4.    Have you filed any lawsuits against the judge?

[   ] Yes                    [ **X** ] No

If "yes," give the following information about each such lawsuit:

Court: _____

Case Number: _____

Present status of lawsuit: _____

Name, address, and telephone number of your lawyer for the lawsuit against the judge:

_____

_____

Court to which any appeal has been taken in the lawsuit against the judge:

_____

Docket number of the appeal: _____

Present status of the appeal: _____

5.    Brief Statement of Facts.  Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based. Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation.

6.    Declaration and signature:  I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

_____                    **March 20, 2023**
                    (Signature)                                                    (Date)

**ADDENDUM TO**
**COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY**

Complainant:  **ERIK COOPER**

Judge:  **CLIFTON L. CORKER**

<u>Brief Statement of Facts</u>

During the course of the civil action styled <u>Erik Cooper v. Blum Collins, LLP, et. al.</u>, case number 3:22-CV-00124 filed in the United States District Court for the Eastern District of Tennessee at Knoxville (hereinafter, "Action"), Honorable Judge Clifton L. Corker (hereinafter, "Judge Corker") engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts.

Judge Corker is accused of violating Canon One of the Code of Conduct for United States Judges. Canon One provides that a Judge Should Uphold the Integrity and Independence of the Judiciary. Guidance on violation of Canon One provides, in relevant part, that disciplinary action is appropriate "where there is a pattern of improper activity" "and the effect of the improper activity on others or on the judicial system." Complainant alleges that Judge Corker violated Canon One.

Judge Corker is accused of violating Canon Two of the Code of Conduct for United States Judges. Canon Two provides that a Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities. Guidance on violation of Canon Two provides, in relevant part, that "[a] Judge should…act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Complainant alleges that Judge Corker violated Canon Two, with emphasis on violation of Canon 2A ("reasonable minds" and "a reasonably inquiry would conclude that the judge's…impartiality to serve as a judge is impaired. … A judge must avoid all impropriety and appearance of impropriety." Judge Corker violated Canon Two.

Judge Corker is accused of violating Canon Three of the Code of Conduct for United States Judges. Canon Three provides that a Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently. Guidance on violation of Canon Three provides, in relevant part, that "[t]he duties of judicial office take precedence over all other activities. The judge should perform those duties with respect for others, and should not engage in behavior that is…prejudiced or biased." Guidance on Canon Three further provides, in relevant part, "(A)(3) A judge should be patient, dignified, respectful, and courteous to litigants…with whom the judge deals in an official capacity. A judge should require similar conduct by those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process." Guidance on Canon Three further provides, in relevant part, "(A)(4) A judge should accord to every person who has legal interest in a proceeding…the full right to be heard according to law." Guidance on Canon Three further provides, "(A)(5) A judge should dispose promptly of the business of the court." Guidance on Canon Three further provides, "(B)(1) A judge should diligently discharge administrative responsibilities…" Guidance on Canon Three further provides, (B)(2) A judge should not direct court personnel [including law clerks] to engage in conduct on the judge's behalf or as the judge's representatives when that conduct would contravene the Code if undertaken by the judge." Most significant, guidance on Canon Three further provides, "A judge should take appropriate action upon receipt of reliable information indicating the likelihood that…a lawyer violated applicable rules of professional conduct." Judge Corker violated Canon Three.

**Complaint One: Judge Corker filed correspondence directed to the Court's law clerks in the public record.**
**Complaint Two: Judge Corker failed to timely remit Complainant's service copy of Orders and Judgment.**
**Complaint Three: Judge Corker failed to timely remit any service copy of the filed email (Doc. 76).**

On March 3, 2023, Judge Corker filed email correspondence transmitted to the attention of the Court's law clerk in the public record. The correspondence was filed as Document 76. A true and exact copy of Doc. 76 is attached herewith and labeled **<u>Exhibit One</u>**.

Complainant represents himself in the Action *in propria persona* and has done so since the filing of the Action.

The Local Rules of the United States District Court for the Eastern District of Tennessee govern the Action. Parties not represented by counsel are "expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules." (See, L.R. 83.13).

Judge Corker publishes on a web site for the United States District Court for the Eastern District of Tennessee information about the Court and the "Judicial Preferences" of the Court. This information is available at this link: https://www.tned.uscourts.gov/content/clifton-l-corker-united-states-district-judge. Therein, the Court provides the email address for the Court's chambers. The email address provided is: Corker_Chambers@TNED.USCourts.gov. A true and exact copy of an excerpt from the Court's web page with the email address is attached herewith and labeled **Exhibit Two**.

On November 18, 2022, Judge Corker issued a Memorandum and Opinion Order in the Action. (See, Doc. 69). Judge Corker failed to timely issue a Judgment in the Action.

On February 20, 2023 - *more than three months later* - Complainant prepared and transmitted email correspondence addressed to the "Law Clerks for The Honorable Clifton L. Corker". Therein, the Complainant wrote, respectfully: "Greetings. Please advise if the Court intends to file a Judgment in the above-captioned civil matter. Thank you."

As of the filing date of this Complaint, the Complainant received no response from the Court to Complainant's February 20, 2023 email correspondence.

In failing to timely file a Judgment in the Action, Judge Corker sought to obstruct Complainant's ability to seek the Court's reconsideration of the Court's ruling represented in the Memorandum and Opinion Order (Doc. 69).

Despite the absence of any Judgment timely filed by the Court, Complainant filed a Motion for Reconsideration in the Action on December 15, 2022. (See, Doc. 70). The defendants opposed Complainant's motion. (See, Doc. 71). Complainant filed a reply to defendants' opposition on January 5, 2023. (See, Doc. 73). The Court entered an Order denying Complainant's motion and therein, opined the following: "Plaintiff's Motion for Reconsideration is without merit and therefore **DENIED**." (See, Doc. 74). The Court delayed mailing its Order to the Complainant -- *in pro per* and without the Court's permission to file or receive service of filings electronically -- until February 14, 2023 (*Valentine's Day*) as noted by the Court's postmarked envelope. February 10, 2023 occurred on a Friday. February 14, 2023 occurred on a Tuesday. The Court had no reasonable cause to withhold service of the Order.

In the absence of the Court filing a Judgment or responding to Complainant's February 20, 2023 correspondence, on February 27, 2023, Complainant sent a "Second Request for Reply" to the Court's email addressed to the Court's law clerks. Again, Complainant's communication was ignored, and the Court offered no response.

As of the filing date of this Complaint, the Complainant received no response from the Court to Complainant's February 27, 2023 email correspondence.

Instead, on February 24, 2023, the Court entered its Judgment in the Action, then delayed mailing the Court's Order to the Complainant until February 28, 2023 -- one day following Complainant's second request for reply email. February 24, 2023 occurred on a Friday. February 28, 2023 occurred on a Tuesday. The Court intentionally delayed service of the Judgment upon the Complainant in an apparent effort to delay and impede Complainant's ability to timely file either a second motion for reconsideration or appeal of the Court's Judgment.

On March 3, 2023, after untimely receiving the Court-delayed service copy of the Judgment remitted to the Complaint via U.S. Mail, Complainant remitted a third email correspondence to the Court's law clerks aggrieving the documented misconduct of the Court. Complainant received no response to the email. Instead, on the same date, and without cause, the Court filed the three email communications with the Clerk of Court for the Action.

After filing the three email communications Complainant remitted to the Court's law clerks, neither the Court nor any law clerk provided the Complainant any response or explanation to the Complainant's complaints.

Judge Corker and, by extension, the law clerks for Judge Corker violated the Code of Conduct for U.S. Judges.

**Complaint Four:  Judge Corker failed to withdraw, rescind, modify or amend the Court's Order (Doc. 4).**
**Complaint Five:  Judge Corker took pleadings out-of-order to accommodate the Court's prejudice.**

Complainant is the plaintiff in the Action.  The Action was filed on April 11, 2022.  Contemporaneously upon the filing of the Action, the Clerk of Court entered standing Orders of the Court including, among other Orders, an Order Governing Motions to Dismiss.  (See, Doc. 4).

The Order Governing Motions to Dismiss required the parties to meet-and-confer under Rule 12(b) prior to the filing of any motion to dismiss.  Defendants failed to comply with the Order.  Complainant notified the Court of defendants' violation of the Order in pleadings filed in the Action including, among other pleadings, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss of Defendants.  (See, Doc. 25).  Therein, Complainant provided the Court with notice of violation of the Court's Order (Doc. 4) by the defendants and, by extension, counsel for the defendants in their false certification to the Court of compliance with the Court's Order.  (See, Doc. 25, Page ID No. 833).  Thereafter, Complainant provided the Court with numerous subsequent notices of the defendants' violation of the Order in subsequent pleadings filed in the Action.

Judge Corker failed to withdraw, rescind, modify or amend the Court's Order (Doc. 4).

During a status conference hearing conducted July 6, 2022, Judge Corker instructed, in relevant part, defendants to either accept service of the Summons and Complaint in the Action, or potentially accept the consequences of Complainant incurring costs to re-serve the Summons and Complaint upon the defendants.  The defendants elected to waive service of the Summons and Complaint.  Judge Corker failed to address Complainant's complaints given to the Court for the defendants' failure to comply with the Court's Order (Doc. 4) and false certification made to the court by attorney Matthew Joshua Evans, co-counsel for the defendants (hereinafter, "Evans") of having complied with the Court's Order by conducting a Rule 12(b) meet-and-confer.  Evans attacked and insulted the character and credibility of the Complainant during the Court's July 6, 2022 hearing.

Thereafter, defendants filed a *second* motion to dismiss, but the Court failed to issue a new Order dismissing the parties' obligation to comply with Local Rules or the Court's Order (Doc. 4) governing motions to dismiss, or to rescind, modify or amend the Order.  In the error or negligence of the Court, Complainant incurred additional and unnecessary loss of time and expense seeking the Court's enforcement of the Order.  Either a Court's orders are to be followed strictly and enforced by the court, or they bear no merit and can be altogether disregarded.  Judge Corker's inactions in the Action caused the appearance of impropriety, favor given an attorney (Evans) and disregard for a non-attorney (Complainant), and gave the import of a court's order no weight or merit.

In failing to withdraw, rescind, modify or amend the Court's Order (Doc. 4), Judge Corker demonstrated favoritism when the defendants filed their second motion to dismiss, this time, not requesting a Rule 12(b) meeting at all, then, posthumously excusing the defendants' failure to comply with the Court's Order and dismissing Complainant's motion to strike defendants' motion to dismiss for defendants failure to comply with the Court's Order.  (Doc. 4).  Again, Complainant brought to the Court's attention the false certification of Evans in the original filing, and the omission of any Rule 12(b) meeting in accordance with the Court's Order (Doc. 4).  Complainant also advised the Court that the Court's omission or negligence by failing to withdraw, modify or amend the Court's Order created a cloud of confusion by the parties.  The Court offered no response.

In the Court's Memorandum and Opinion Order (Doc. 69), the Court essentially ignored the filing of Complainant's Motion to Strike (Doc. 57) for the defendants' failure to comply with the Court's Order (Doc. 4).  Instead, the Court took the parties' pleadings filed out-of-order, reached a decision on defendants' motion to dismiss (Doc. 47), posthumously excused defendants' failure to comply with the Court's Order (Doc. 4), then gave a parse opinion dismissing Complainant's motion to strike.  (See, Doc. 69, Page ID No. 2374-2377).  The Court opined, in relevant part, "Here, the parties already conferred [Doc. 20, pgs. 4-5; Doc. 28, ¶ 2]."  The Court's assertion was false, as evidenced by an audio recording and transcript of the purported Rule 12(b) meet-and-confer in the Clerk's record, and the disparaging comments made by Evans about the Sixth Circuit, Judge Corker, and the requirement for Rule 12(b) meetings by the Sixth Circuit.  The Court was given notice of Evans' misconduct in the action in violation of L.R. 83.7(a), and failed to act upon notice given the Court by the Complainant.

Judge Corker violated the Code of Conduct for U.S. Judges.

**Complaint Six: Judge Corker failed to act upon Evans' violations of Local Rules 83.2(a) and 83.3(d).**
**Complaint Seven: Judge Corker granted Evans' motion to seal a record documenting Evans' misconduct.**

L.R. 83.2(a) provides, in relevant part, that "[n]o lawyer or law firm associated with a civil action shall, during its investigation or litigation, make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would expect to be disseminated by means of public communication if there is a likelihood that such dissemination will interfere with a fair trial and if such dissemination relates to: (2) the character, credibility, or criminal record of a party…, (4) the attorney's opinion as to the merits of the claims or defenses of a party, except as required by law or administrative rule; and (5) any other matter reasonably likely to interfere with a fair trial of the action."

L.R. 83.3(d) provides, in relevant part, "[t]he following rules shall govern courtroom decorum: (d) oral confrontation and argument between opposing counsel is prohibited."

In the Action, Evans was recorded making disparaging remarks about the Sixth Circuit, Judge Corker, and the requirement to conduct Rule 12(b) meetings before filing dispositive motions to dismiss in an action. When Evans denied violating the Court's Order (Doc. 4), Complainant filed an audio recording and transcript of Evans' comments in the public record in the Action. (See, Doc. 39). Complainant referenced the recording and transcript as evidence of Evans' misconduct in subsequent pleadings filed in the Action. Despite numerous instances of notice given the Court of Evans' misconduct, Judge Corker took no action.

During the Court's July 6, 2022 status conference hearing, Evans made disparaging comments about Complainant to the Court in violation of L.Rs. 83.2(a) and 83.3(d). Despite Complainant's pleas for the Court's intervention, Judge Corker took no action and allowed Evans' conduct to continue during the hearing and in subsequent pleadings filed by Evans for the defendants in the Action.

Local Rules of the Sixth Circuit govern the obligations of Judge Corker to act upon information provided to the court involving attorney misconduct. Judge Corker took no action, and by taking no action, essentially gave Evans permission to thumb his nose at the Sixth Circuit, the judicial system, and the Complainant. Judge Corker's inactions discredited the integrity of the Court.

Complainant suffers from a mental health injury and provided notice of his qualified disability to the Court. Complainant requested the Court's assistance for disability accommodation. The Court provided no accommodation and ignored Complainant's personal disclosures and requests for assistance. Judge Corker failed to provide reasonable accommodation for the Complainant's qualified disability.

Outside of the activities of the Action, Evans and Complainant encountered each other in a public courthouse. Evans, angry about Complainant's notice given the Court of Evans' false certification and filing of the audio recording and transcript evidencing Evans' false certification (therefore, *perjury*), encountered Complainant in an aggressive manner and, during the encounter, Evans caused physical and emotional injury to Complainant. Evans' criminal conduct was reported to law enforcement. Complainant provided notice of the incident to the Court. (See, Doc. 52). A true and exact copy of Complainant's filing is attached herewith and labeled **Exhibit Three**. Judge Corker took no action. However, when Evans filed a motion to seal the record for notice given by Complainant about the incident and Complainant's request for the Court's protection from Evans in subsequent proceedings in the Action (See, Doc. 53), the Court granted Evans' motion and sealed the pleading. (See, Doc. 55).

While burying notice given the Court about Evans' misconduct in violation of Local Rules and risking the health, safety and well-being of Complainant during subsequent Court-ordered meetings, like the Rule 12(b) meeting ordered by the Court (Doc. 4), or during subsequent court appearances when a reasonable person could expect for Complainant and Evans to meet face-to-face again and subject Complainant to suffer further mental health consequences, the Court condoned Evans' *second* documented act of misconduct (in addition to false certification of conducting a Rule 12(b) meeting with Complainant in compliance with the Court's Order) and violated Complainant's legal rights while diminishing the integrity of the Court.

Judge Corker violated the Code of Conduct for U.S. Judges.

**Complaint Eight: Judge Corker ignored requests for oral argument of non-dispositive motions.**

As an *pro se* litigant, L.R. 83.13 reminds *pro se* litigants of their obligations to comply with the Rules of Civil Procedure and Local Rules. The courts, however, under Judge Corker's administration, seem to have no such obligation to follow the Rules of Civil Procedure, Local Rules, or to enforce Orders issued by the Court. Instead, Judge Corker's Orders, when the Court ignores enforcement of same, carry weight and merit of a *mere suggestion*.

According to Judge Corker's government-published web site, the Court "usually" sets oral argument for non-dispositive motions. (See, Judge Corker's web page at https://www.tned.uscourts.gov/content/clifton-l-corker-united-states-district-judge, 5). "Usually, non-dispositive motions are set for oral argument. The Court will notify counsel as to the date and time of the hearing."

In the Action, the Court not only held no hearings for oral argument for non-dispositive motions, whether in-person in court or telephonically, but denied each and every request for oral argument. Certainly, during the course of the Action, the parties requested (or objected to) oral argument for dispositive motions, however, for *non-dispositive* motions, Complainant repeatedly requested hearings for oral argument, and the Court granted none despite the Court's "usual" conduct. Instead, the Court created false facts from pleadings filed, relied upon the Court's false conclusions reached from those false facts, applied those false conclusions to applicable law, and entered rulings contravening the evidence offered to the Court and clear in the record, whether through the initial pleadings filed or Complainant's motions for reconsideration. The Court created an appearance of the court's desire to dispose of the Action by taking only necessary action to dismiss the case for lack of jurisdiction, regardless of any arguments raised by the Complainant in his Motion for Reconsideration citing the false facts relied upon by the Court to reach its false conclusions of the evidence the Court applied to case law and warranted the Court's opinion to dismiss the Action. During the July 6, 2022 status conference hearing, Evans complained to the Court about the number of pleadings filed in the action to date, garnering comment from Judge Corker about abuse of the judicial process, causing warning by Judge Corker to the Complainant about the filing of unnecessary pleadings, and setting a tone for the case that the Court did not wish to be bothered by the action. Judge Corker's conduct was disturbing.

This is not a complaint about the Court's rulings, rather, a complaint about the Court's failure to follow the Rules of Civil Procedure - whether ignoring the rules as they applied to a lawyer (Evans) documented violating the Rules in the face of the Court, or whether ignoring the rules as they applied to a Court's Orders issued in an action. Here, in the instant Action, the Court *played with the Rules*, *bent the Rules*, and *ignored the Rules* when most convenient for the Court or its *interpretation* of the Rules. The Court used the Rules when the Court sought fit to accommodate the Court's rulings, and ignored the Rules when the Court electively chose to ignore them, thereby creating an appearance of impropriety and discrediting the merit of the Court and the judicial process.

Judge Corker violated the Code of Conduct for U.S. Judges.

**EXHIBIT ONE**

Email Correspondence to Law Clerks Published by the Court

| | |
|---|---|
| **From:** | Erik Cooper |
| **To:** | Corker_Chambers |
| **Subject:** | Message from Erik Cooper - Erik Cooper v. Blum Collins, LLP, et. al. (Case No. 3-22-cv-00124) - Inquiry Re: Judgment and Complaint |
| **Date:** | Friday, March 3, 2023 11:21:56 AM |

**CAUTION - EXTERNAL:**

Re: Erik Cooper v. Blum Collins, LLP, et. al.
    United States District Court for the Eastern District of Tennessee
    Case No. 3-22-cv-00124

    **Inquiry Re: Judgment and Complaint**

Dear Law Clerks for The Honorable Clifton L. Corker:

Greetings.

Your service copy of the Judgment entered February 24, 2023 in the foregoing action arrived by mail today, on March 3, 2023. Your envelope, preserved, is postmarked February 28, 2023. Inexplicably, you intentionally delayed service of the Judgment, and omitted offering any response to the *two* communications transmitted to you regarding any Judgment entered in this action -- on February 20th (reminding the Court that it omitted entering any Judgment whatsoever, perhaps, to prevent an appeal) and February 27th (three days after the Court had already entered its Judgment). Presumably, this must be because the Court knows its actions in the foregoing case -- namely, among others, ignoring evidence of attorney misconduct and the Court's obligations to address same, and ignoring civil procedure governing the handling of motions and evidence when determining a Judgment -- warrant a Judicial Complaint and appeal of the Court's Judgment. Both will follow.

Kindly govern yourselves accordingly.


Erik Cooper
Risk Management & Litigation Consultant
Acuity Consulting Services

West Coast:
312 South Beverly Drive, #7195
Beverly Hills, California 90212
(310) 488-2876

East Coast:
1216 East Parkway, #1413
Gatlinburg, Tennessee 37738
(865) 438-0892

CooperErik@aol.com


DISCLAIMER: This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its

attachments without reading, printing or saving in any manner. Please return this communication via United States Postal Service first class mail to Acuity Consulting Services, 312 South Beverly Drive, #7195, Beverly Hills, California, 90212. This communication does not form any contractual obligation on behalf of the sender or, the sender's employer, parent company, affiliates or subsidiaries. Please consider the environment before printing this email. Thank you.

-----Original Message-----
From: Erik Cooper <coopererik@aol.com>
To: corker_chambers@tned.uscourts.gov
Sent: Mon, Feb 27, 2023 1:13 pm
Subject: Message from Erik Cooper - Erik Cooper v. Blum Collins, LLP, et. al. (Case No. 3-22-cv-00124) - Inquiry Re: Judgment (Second Request for Reply)

Second Request for Reply

Begin forwarded message:

**From:** Erik Cooper <CooperErik@aol.com>
**Date:** February 20, 2023 at 4:06:54 PM EST
**To:** corker_chambers@tned.uscourts.gov**Subject: Message from Erik Cooper - Erik Cooper v. Blum Collins, LLP, et. al. (Case No. 3-22-cv-00124) - Inquiry Re: Judgment**

tned.uscourts.gov

**Reply-To:** Erik Cooper <coopererik@aol.com>

Re: Erik Cooper v. Blum Collins, LLP, et. al.
United States District Court for the Eastern District of Tennessee
Case No. 3-22-cv-00124

**Inquiry Re: Judgment**

Dear Law Clerks for The Honorable Clifton L. Corker:

Greetings.

Please advise if the Court intends to file a Judgment in the above-captioned civil matter.

Thank you.

Erik Cooper
Risk Management & Litigation Consultant
Acuity Consulting Services

West Coast:
312 South Beverly Drive, #7195

Case 3:22-cv-00124-DCLC-JEM   Document 76   Filed 03/03/23   Page 2 of 3   PageID #: 2441

Beverly Hills, California 90212
(310) 488-2876

East Coast:
1216 East Parkway, #1413
Gatlinburg, Tennessee 37738
(865) 438-0892

CooperErik@aol.com

DISCLAIMER: This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner. Please return this communication via United States Postal Service first class mail to Acuity Consulting Services, 312 South Beverly Drive, #7195, Beverly Hills, California, 90212. This communication does not form any contractual obligation on behalf of the sender or, the sender's employer, parent company, affiliates or subsidiaries. Please consider the environment before printing this email. Thank you.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**EXHIBIT TWO**

Excerpt from Judge Corker's Government Web Page Providing Instructions to Contact via Email

# Clifton L. Corker, United States District Judge

**Chambers Address:**
220 West Depot Street, Suite 416
Greeneville, TN 37743
(423) 787-7400

Staff Information
**Courtroom Deputy:** Kim Ottinger
**Law Clerks:** Samantha Clark
              Esmat Hanano
              Grant Shillington

## Courtroom

Greeneville Courtroom 420

## Judicial Preferences

**1. Written correspondence from counsel to the court.**

This should be avoided except for routine matters, such as scheduling, advising of a settlement, etc., that do not address the merits of any motion or pending case. A copy should be sent to opposing counsel.
An email may be sent to Corker_Chambers@tned.uscourts.gov.

**2. Communication between counsel and the Judge's law clerks.**

This is permitted but not as to the merits of a case or any pending motion.

**3. Preference for the use of telephone conferences rather than in-person conferences for any category of conferences that you schedule in connection with a case.**

Initial scheduling conferences and case management conferences may be by conference call. Pre-trial conferences are in person in Greeneville.

Judge Corker prefers that any discovery disputes in civil cases be addressed by telephone

conference with the assigned magistrate judge before a party files a motion. Parties may contact chambers of the assigned magistrate judge to request the scheduling of a phone conference.

**EXHIBIT THREE**

Complainant's Notice to the Court of Misconduct of Attorney Matthew Joshua Evans (Doc. 52)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

FILED

AUG 1 6 2022

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | | |
|---|---|---|
| ERIK COOPER | ) | |
| | ) | No. 3:22-cv-00124-DCLC-JEM |
| Plaintiff, | ) | |
| | ) | Honorable Clifton L. Corker / |
| v. | ) | Honorable Jill E. McCook |
| | ) | |
| BLUM COLLINS, LLP, | ) | |
| STEVEN AARON BLUM, and | ) | |
| CRAIG MICHAEL COLLINS, | ) | |
| | ) | |
| Defendants. | ) | |

## REQUEST FOR JUDICIAL NOTICE

COMES NOW Plaintiff, Erik Cooper ("Cooper"), in propria persona, pursuant to Rule 201 of the Federal Rules of Evidence, and requests that the Court take judicial notice of pleadings filed in the public record. For cause, Cooper would show the Court as follows:

This Court may consider and take judicial notice of the public record, including records of state courts. *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *Granader v. Public Bank*, 417 F.2d 75, 83 (6th Cir. 1969) ("appropriate for the District Judge ... to take judicial notice of the state court receivership proceedings"). Cooper respectfully requests that this Court take notice of the records of the Sevierville Police Department.

On August 5, 2022, Plaintiff Erik Cooper was assaulted by Matthew J. Evans, defense counsel for the Defendants in this action.

Cooper's assault took place in the hallway of the Sevier County Chancery Court. While Cooper was speaking with opposing counsel on an unrelated civil matter, attorney Matthew J. Evans ("Evans") approached Cooper from behind and willfully, intentionally and purposefully physically assaulted Cooper by striking Cooper on the right arm. Cooper suffered physical injuries as a result of Evans' attack. Cooper received medical care for his injuries.

Cooper reported Evans' assault to the Sevierville Police Department. An offense/ incident report was taken. The case number is 2022-080052. The matter is currently being investigated by Detectives with the Sevierville Police Department.

Cooper filed a Petition for Order of Protection in the Sevier County Circuit Court seeking protection from Evans. The matter was assigned case number 2022-OP-333. A hearing on Cooper's Petition for Order of Protection is scheduled for August 19, 2022.

Evans has motive to assault Cooper. In this action, Cooper filed an opposition pleading (Doc. 25) to Defendants' Motion to Dismiss of Defendants (Doc. 13). Therein, Cooper alleged Defendants' counsel falsely certified the parties' Rule 12(b) meet-and-confer conferenced ordered by the Court (Doc. 4). Thereafter, Defendants' counsel denied Cooper's allegations (Doc. 41). In response to Defendants' counsels' denial, Cooper filed with the Clerk of Court a flash drive containing the electronic media file of the digital recording Cooper produced of Defendants' counsel's purported Rule 12(b) meet-and-confer meeting (Doc. 39), and a transcript of the recorded meeting (Doc. 34, Ex. A). As depicted in the recording and transcript, Evans made disparaging comments about the Court, the requirement by the Sixth Judicial Circuit to conduct Rule 12(b)

meet-and-confer meetings, and the recording and transcript evidenced Defendants' counsels' failure to meet-and-confer on all bases of Defendants' Rule 12(b) motion.

A recording of Evans' assault was produced by the Sevier County Sheriff's Department.

Cooper submits herewith the Declaration of Erik Cooper as **Exhibit One** attached herewith.

WHEREFORE, based upon the criminal misconduct of Evans evidenced on August 5, 2022 and the nature of Plaintiff's appearance in this action *in pro per* and the Court's requirement for Evans and Cooper to communicate in this action, Cooper respectfully requests the Court take judicial notice of Evans assault upon Cooper and requests the Court provide Cooper adequate and reasonable protection from any future assaults by Evans during court proceedings or other Court-mandated encounters.

Submitted on this sixteenth day of August, 2022.

Respectfully submitted by:

_____

ERIK COOPER
Plaintiff in Propria Persona
Post Office Box 1413
Gatlinburg, Tennessee 37738
Tel: (865) 438-0892
CooperErik@aol.com

<u>*Erik Cooper v. Blum Collins, LLP, et. al.*</u>
*United States District Court for the Eastern District of Tennessee*
*Case No. 3:22-cv-00124-DCLC-JEM*

**<u>EXHIBIT ONE</u>**

**Declaration of Erik Cooper**

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

ERIK COOPER )
      **Plaintiff,** )
  )
v. )
  )
BLUM COLLINS, LLP, )
STEVEN AARON BLUM, and )
CRAIG MICHAEL COLLINS, )
  )
      **Defendants.** )

No. 3:22-cv-00124-DCLC-JEM

Honorable Clifton L. Corker /
Honorable Jill E. McCook

---

## DECLARATION OF ERIK COOPER

---

I make this Declaration under penalty of perjury on this 16th day of August, 2022:

1.     My name is Erik Cooper.  I am a citizen and resident of the State of Tennessee, and I suffer from no disability that would bar my testimony in this Court. I have personal knowledge of the matters stated herein.

2.     I am the Plaintiff in the above-styled civil matter currently pending before the Court.  I represent myself *in propria persona* in this action and without assistance or representation by legal counsel.

3.     On August 5, 2022, I was assaulted by attorney Matthew Joshua Evans ("Evans") while standing in the hallway outside the Sevier County Chancery Court. While speaking with opposing counsel in a civil matter, I was approached from behind by Evans and struck on the right forearm and elbow.

4.     I reported Evans' assault the Sevierville Police Department the same day.

5

5.     I received medical care for injuries I suffered from Evans' assault.

6.     I am currently receiving medical care for my injuries.

7.     For good cause, I believe Evans' attack was due to my reporting months earlier of Evans' disparaging comments about the Court and the United States District Court for the Eastern District of Tennessee at Knoxville.

I declare under penalty of perjury the foregoing is true and correct.

_____

ERIK COOPER

*Erik Cooper v. Blum Collins, LLP, et. al.*
*United States District Court for the Eastern District of Tennessee*
*Case No. 3:22-cv-00124-DCLC-JEM*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of August, 2022, a true and exact copy of the attached pleading titled **"Request for Judicial Notice"** was deposited with the United States Postal Service for delivery by first class mail, postage prepaid, addressed to the following recipients as counsel of record for each of the Defendants:

> Daniel C. Headrick
> Matthew J. Evans
> Attorneys at Law
> Kay Headrick, PLLC
> 900 South Gay Street
> Suite 1810
> Knoxville, Tennessee 37902

Parties may also access this filing through the Clerk of Court's electronic filing system.

Certified on this sixteenth day of August, 2022, by:

_____
Genie Brabham

and

_____
Erik Cooper

7