UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| ERIK COOPER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 3:22-CV-00124-DCLC-JEM |
| | ) | |
| v. | ) | |
| | ) | |
| BLUM COLLINS, LLP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On November 18, 2022, the Court dismissed Plaintiff's Complaint without prejudice, finding that the Court lacked personal jurisdiction over Defendants [Doc. 69]. On December 15, 2022, Plaintiff filed a Motion to Alter or Amend Judgment [Doc. 70]. After the motion was fully briefed, the Court, on February 10, 2023, denied Plaintiff's motion [Doc. 74]. On February 20, 2023, Plaintiff sent, *ex parte*, an email to the Court's chamber's email account inquiring about the entry of a final judgment. In response, on February 24, 2023, the Court entered a Final Judgment dismissing the case without prejudice consistent with its prior Memorandum Opinion and Order entered on November 18, 2022 [Doc. 75]. On March 3, 2023, Plaintiff emailed chambers *ex parte*, accusing the law clerks of improper conduct:

> Dear Law Clerks for The Honorable Clifton L. Corker:
>
> …
>
> Inexplicably you intentionally delayed service of the Judgment[] and omitted offering any response to the *two* communications transmitted to you regarding any Judgment entered in this action …. [T]his must be because the Court knows its actions in the foregoing case – namely, among others, ignoring evidence of attorney misconduct and the Court's obligations to address same, and ignoring civil

1

procedure governing the handling of motions and evidence when determining a Judgment – warrant a Judicial Complaint and appeal of the Court's Judgment. Both will follow.

Kindly govern yourselves accordingly.

Erik Cooper
Risk Management & Litigation Consultant
Acuity Consulting Services

[Doc. 76]. Given the substantive nature of the email's contents and because Plaintiff had not copied Defendants on the email, the Court filed Plaintiff's *ex parte* email communication on the Court's docket so that all parties would be aware of Plaintiff's communication with the Court. *See* Tenn. R. Pro. Conduct 3.5(b) (addressing improper *ex parte* communication with the presiding judge over the case). After filing that email, a slew of motions have been filed by both parties, which the Court will now address in turn.

A. **Plaintiff's Motion to Recuse [Doc. 77]**

On March 23, 2023, Plaintiff filed a "Motion For Recusal" of the undersigned "pursuant to Federal Rule of Civil Procedure 2200.68"[1] [Doc. 77]. Plaintiff claims the Court had "improperly filed into the public record Plaintiff's email correspondence transmitted to the law clerks of this Court addressing the failure to timely file any Judgment in this action for more than three months…. This occurrence of March 20, 2023 was not an isolated incident witnessed in this case, but rather, a pattern of misconduct witnessed." [*Id.*, pgs. 1–2]. Plaintiff claimed that "[t]o address the Court's conduct … Plaintiff filed a formal complaint with the Office of the Circuit Executive alleging [the] misconduct committed…." [*Id.*, pg. 2]. Plaintiff attached to his motion

---

[1] Plaintiff's reference to § 2200.68 presumably is a citation to 28 C.F.R. § 2200.68, which addresses recusal of a judge in the context of hearings before the Occupational Safety and Health Review Commission. It provides for recusal "whenever the judge deems it appropriate" or where Canon 3(C) of the Code of Conduct for United States Judges requires it. *See* 28 C.F.R. § 2200.68(a) and (b).

2

for recusal (1) a Complaint of Judicial Misconduct he claims he has filed with the Judicial Council [Doc. 77-1]; (2) a previously sealed [Doc. 52] "Request for Judicial Notice" regarding an incident occurring on August 5, 2022, between Plaintiff and one of Defendant's counsel in the hallway at the Sevier County courthouse in a matter unrelated to this case [Doc. 77-1, pgs. 15–22]; and (3) Plaintiff's unsigned but notarized declaration [Doc. 77-2].

The Court begins with the recusal statute, 28 U.S.C. § 455. A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1).[2] Plaintiff gives three reasons he claims require recusal: (1) the Court filed his ex parte email to the Court's chambers; (2) Plaintiff filed a judicial misconduct complaint against the undersigned; and (3) Plaintiff intends to file a lawsuit against the undersigned. None of these reasons require recusal under §§ 455(a) or (b)(1).

First, Plaintiff asks the Court to recuse because the Court filed Plaintiff's *ex parte* email to the Court's email account [Doc. 77, pgs. 1–2]. The mere filing of Plaintiff's *ex parte* email, however, has nothing to do with the impartiality of the undersigned and does not suggest a personal bias or prejudice against Plaintiff. It does not require recusal. Plaintiff's email accused Defendant's counsel of "misconduct" and expressed displeasure with the Court's "actions in the foregoing case." [Doc. 76]. Communicating with the Court in this fashion without notice to opposing counsel was contrary to the Rules of Professional Conduct. *See* Tenn. R. Pro. Conduct

---

[2] Plaintiff cites to Canon 3(C) of the Code of Conduct for United States Judges in support of his request for recusal. Canon 3(C) provides for recusal where the judge's "impartiality might reasonably be questioned, including … [where] the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding…." Canon 3(C), Disqualification, Code of Conduct for United States Judges. Given that this provision tracks Section 455(b), the Court's analysis is the same under either section.

3

3.5(b). Neither lawyers nor those appearing pro se may communicate with the presiding judge unless authorized to do so. *Id.* Plaintiff was not authorized to engage in that kind of communication without notice to the other side. For that reason, the Court filed the email, giving notice to Defendants' counsel of the communication. That reason meets neither the standard for recusal in §§ 455(a) nor (b)(1).

Plaintiff next asks the Court to recuse because Plaintiff filed a judicial misconduct complaint against the undersigned with the Judicial Council of the Sixth Circuit. He argues that while that complaint is pending, "the Court will be impaired in the further administration of this action at this time …" [Doc. 77, pg. 2]. But neither section 455(a) nor (b)(1) are met by virtue of a litigant filing a judicial misconduct complaint. *See, e.g.*, *In re Winslow*, 107 B.R. 752, 753 (D. Colo. 1989) (finding that a party's filing of a complaint with the governing Judicial Council against the presiding district judge is not sufficient basis for disqualifying the judge from further hearing matters involving the case). Generally, a party cannot force recusal of a presiding judge by suing the judge or by filing a judicial complaint. *In re Jones*, No. 20-6277, 2021 WL 1811625, at *1 (6th Cir. Feb. 2, 2021), *cert. denied sub nom. Jones v. United States Dist. Ct. for Middle Dist. Of Tennessee*, 210 L. Ed. 2d 879, 141 S. Ct. 2715 (2021). Moreover, Plaintiff's claims of judicial misconduct do not provide grounds for recusal because the undersigned has developed no personal bias or prejudice against Plaintiff arising from Plaintiff's judicial misconduct complaints. Filing a judicial misconduct complaint does not create a personal bias or prejudice against a party. *See United States v. Martin-Trigona*, 759 F.2d 1017, 1020–21 (2d Cir. 1985) (holding that a party cannot force recusal merely by filing a complaint or lawsuit against a judge); *Smartt v. United States*, 267 F. Supp. 2d 1173, 1177 (M.D. Fla. 2003) (stating "[i]t has long been established that a party cannot force a judge to recuse himself by engaging in personal attacks on the judge" and

4

finding that a litigant cannot "force recusal by making baseless ethical attacks on the assigned judge, or to intimidate the assigned judge through frivolous complaints of judicial misconduct"). In this case, Plaintiff has failed to show recusal is required.

Plaintiff also contends the undersigned has to recuse because Plaintiff intends to "file a lawsuit involving" the undersigned. [Doc. 77, pg. 3]. Again, threatening to file a lawsuit against the undersigned does not require recusal. "Judges need not indulge this pattern by automatically disqualifying themselves every time their names appear in a case caption or a complaint." *Jones v. Perry*, No. 3:16-CV-02631, 2020 WL 6290317, at *4 (M.D. Tenn. Oct. 27, 2020) (citations and quotations omitted). Because none of the reasons cited by Plaintiff require the Court's recusal under §§ 455(a) or (b)(1), Plaintiff's Motion for Recusal [Doc. 77] is **DENIED**.

B.  **Plaintiff's Motion to Alter or Amend Judgment [Doc. 78]**

Plaintiff has also filed for the second time a motion to alter or amend the judgment of the Court in which the Court dismissed his complaint for lack of personal jurisdiction over Defendants. A motion to alter or amend "must present newly discovered evidence or clearly establish a manifest error of law." *D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016). Plaintiff's Motion to Alter or Amend duplicates his previous Motion for Reconsideration [*See* Doc. 70]. The Court has previously rejected all Plaintiff's arguments, either in ruling on Defendants' Motion to Dismiss and Plaintiff's Motion to Strike [*see* Doc. 69], or in its order on the Motion for Reconsideration [Doc. 74]. Plaintiff's Motion to Alter or Amend Judgment [Doc. 78] is **DENIED** for the reasons stated in those orders.

C.  **Defendants' Motion to Strike/Seal and for Contempt and Sanctions [Doc. 79]**

Defendants request that the Court seal Exhibit A [Doc. 77-1] to Plaintiff's Motion for Recusal. They point out that it contains the same allegations the Court previously ordered sealed

5

[*See* Docs. 55, 60]. The Court previously sealed Plaintiff's "Request for Judicial Notice" in which Plaintiff accused one of Defendant's counsel of misconduct at the Sevier County Courthouse in an unrelated matter [Doc. 55, *Order* sealing Doc. 52]. Those allegations remain irrelevant to this proceeding. For the reasons stated in the Court's previous order, the Court **GRANTS** Defendants' motion [Doc. 79]. The Clerk is **DIRECTED** to remove pages 2461-2468 from Doc. 77-1 and refile them under seal. In addition, Plaintiff raises in his Response in Opposition [Doc. 82] the same allegations against one of Defendants' counsel. The Clerk is **DIRECTED** to **SEAL** Doc. 82.

Defendants also request the Court to sanction Plaintiff for filing the same document the Court had previously sealed. Defendants note that the Court has statutory authority under 18 U.S.C. § 401(3) to sanction a party for "[d]isobedience or resistance to [the Court's] lawful writ, process, order, rule, decree, or command" [Doc. 79, ¶ 7]. Defendants also note the Court has inherent authority under Fed.R.Civ.P. 11 to *sua sponte* address Plaintiff's conduct [*Id.*, ¶ 8]. In response, Plaintiff contends that he filed that pleading again because he wanted to include all the material he had filed with the Judicial Council of the Sixth Circuit for the Court to consider in addressing the recusal motion [*E.g.*, Doc. 82, pg. 2]. Whether to sanction a party is a discretionary decision of the Court. *See Teno v. Iwanski*, 464 F. Supp. 3d 924, 934 (E.D. Tenn. 2020) (citing *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992) and Fed. R. Civ. P. 11 Advisory Committee Notes (1993)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power."). In this case, while it is a close call, the Court elects not to sanction Plaintiff for filing what had previously been sealed. It appears Plaintiff has acknowledged that he should not have done so and the Court will accept his explanation.

### D. Plaintiff's Motion to Strike Doc. 77 [Doc. 88]

Plaintiff has filed a motion to strike "a portion of Plaintiff's Motion for Recusal…." [Doc. 88, pg. 1]. The Court has already addressed the issue of sealing in addressing Defendants' motion to strike [Doc. 79]. Plaintiff's motion is **DENIED AS MOOT**.

### E. Defendants' Motions for Rule 11 Sanctions [Doc. 92]

Defendants request sanctions under Fed.R.Civ.P. 11 for three reasons. First, Defendants argue Plaintiff's motion for recusal is baseless [Doc. 93, pgs. 1–2]. Second, Plaintiff refiled "false contentions related to supposed conduct by one of Defendants' counsel, after the Court sealed the documents containing the allegations…." [*Id.*]. Third, Plaintiff's second motion to alter or amend is virtually identical to his first motion [*Id.*].

> Rule 11 provides:
>
> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and] (2) the claims, defenses, and other legal contentions are warranted by existing law ….

Fed.R.Civ.P. 11(b) (emphasis added). The rule requires litigants' conduct to be "reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 384 (6th Cir. 1997) (quoting *Lemaster v. United States*, 891 F.2d 115, 118 (6th Cir. 1989)). If an attorney or pro se litigant violates this rule, the Court may impose sanctions, and it may do so on a party's motion or on its own. Fed.R.Civ.P. 11(c). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed.R.Civ.P. 11(c)(4).

Defendants seek sanctions based on Plaintiff's filing of his Motion for Recusal [Doc. 93,

7

pgs. 1–2]. Defendants contend Plaintiff's recusal motion lacks grounding in the law [*Id.*, pg. 7]. To be sure, Plaintiff erroneously believed that he could disqualify a judge simply by filing a judicial complaint. The Court does not find that motion alone to warrant Rule 11 sanctions. While it lacked merit, the Court exercises its discretion and declines to sanction Plaintiff.

As to the Motion to Alter or Amend Judgment, [Doc. 78], the Court had not yet entered final judgment when Plaintiff filed his previous motion to alter or amend [Doc. 70]. Plaintiff filed the present motion after entry of judgment [*See* Docs. 75, 78]. The Court also finds that the filing of the second motion to alter or amend does not warrant Rule 11 sanctions.

Finally, the Court has already addressed the sanctions issue regarding Plaintiff's filing of what the Court had previously sealed. The Court declines to sanction Plaintiff at this time.

F.     **Plaintiff's Motion for Sanctions [Doc. 95]**

That leaves Plaintiff's Motion for Sanctions and Contempt [Doc. 95]. Plaintiff's motion claims—without any support in the record—that defense counsel filed their Motion for Rule 11 Sanctions to further their "personal agenda" of punishing him [*Id.*, ¶ 11]. He asserts their motion is frivolous, but fails to explain how [*Id.*, ¶¶ 18, 23–24]. He provides no evidence "the claims advanced were meritless, that counsel knew or should have known this, and the motive for [the] filing [at issue] … was for an improper purpose …." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). Cooper's Motion for Sanctions and Contempt [Doc. 95] is therefore **DENIED**.

Lastly, the Court cautions Plaintiff that he may not continue filing irrelevant material with impunity. Rule 11's prohibition against filing materials for an improper purpose is ongoing. Plaintiff has exhibited a troubling pattern of filing irrelevant allegations [*See* Docs. 6, 8, 40, 52]. Moreover, because judgment has entered and the Court has denied his motion to alter or amend,

8

the case is over.

**CONCLUSION**

For these reasons, Plaintiff's Motion for Recusal [Doc. 77] is **DENIED.** Plaintiff's Motion to Alter or Amend Judgment [Doc. 78] is **DENIED.** Defendants' Motion to Seal and for Contempt and Sanctions [Doc. 79] is **GRANTED IN PART AND DENIED IN PART**. The Clerk is **DIRECTED** to remove pages 2461-2468 from Doc. 77-1 and refile them under seal. The Clerk is further **DIRECTED** to seal the entirety of Doc. 82. Plaintiff's Motion to Strike [Doc. 88] is **DENIED AS MOOT**. Defendants' Motion for Rule 11 Sanctions [Doc. 92] is **DENIED.** Plaintiff's Motion to Strike and for Contempt and Sanctions [Doc. 95] is **DENIED.**

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge